PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

        Plaintiff,

  -v-                                        21-CV-6339 FPG
                                                ORDER
ANDREA N. SCHNEIDER, et al.,

        Defendant.
_____

## INTRODUCTION

*Pro se* Plaintiff Sanjay Tripathy has filed what he identifies as a Motion to Reconsider under Local Rules of Civil Procedure, Rule 7, following the dismissal (ECF No. 4) of claims for money damages under the Religious Land Use and Institutionalized Persons Act ("RLUIPA," 42 U.S.C. § 2000cc-1(a)) and claims against the Department of Corrections and Community Supervision ("DOCCS") concerning allegations of a statewide failure to enforce a smoking ban, under 42 U.S.C. § 1983. ECF No. 6 ("Motion"). Plaintiff has also filed a Motion for Service by the United States Marshals Service. ECF No. 5. This action was based on Plaintiff's allegation that Defendants violated Plaintiff's rights while he was confined at the Gowanda Correctional Facility ("Gowanda") through their failure to prevent his exposure to cigarette smoke. ECF No. 3. Upon initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), some claims were dismissed while service was directed as to others. ECF No. 4 at 15.

## DISCUSSION

Plaintiff has filed the Motion for Reconsideration expressly relying on Rule 7 of the Local Rules of Civil Procedure.  Rule 7 addresses the filing of motions generally.[1]  The Court construes Plaintiff's Motion for Reconsideration as one under Federal Rule of Civil Procedure § 60(b), which permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" due to "(1) mistake, inadvertence, surprise, or excusable neglect . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60.  Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Amerisure Ins. Co. v. Laserage Tech. Corp.*, No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)).

"Such a motion is generally not favored and is properly granted only upon a showing of exceptional circumstances. A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Kroemer v. Tantillo*, No. 17-3436, 2018 WL 6619850, at *3 (2d Cir. Dec. 17, 2018) (summary order) (internal quotation marks and citations omitted).  Where a motion merely seeks to relitigate issues already decided, it "plainly fail[s] to demonstrate the 'exceptional circumstances' that could merit the exercise of the district court's discretion to grant relief from its prior decision." *Id.*; *see also Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (holding that a motion for reconsideration cannot "serve as an attempt to relitigate the merits").

---

[1] The index for the Local Rules does reference "Reconsideration/Reargument (Rule 7) p.10."  L. R. Civ. P. at 58.

Plaintiff explains that the Court's prior order erroneously dismissed claims for money damages under RLUIPA and the Religious Freedom Restoration Act ("RFRA," 42 U.S.C. § 2000bb-1(c)), citing *Tanzin v Tanvir*, 141 S. Ct. 486, 491 (2020), which held that "damages against federal officials remain an appropriate form of relief today." ECF No. 6 at 8. Plaintiff goes on to argue that money damages are appropriate under the First Amendment, claims which were deemed sufficient to proceed to service. *See* ECF No. 4 at 13. Plaintiff reviews at some length the history and purpose of RLUIPA, and argues that money damages were approved under *Tanzin*, because it "features a suit against individuals, who do not enjoy sovereign immunity." ECF No. 6 at 9. He argues, therefore, that the Court erroneously dismissed his claims for money damages under RLUIPA. *Id*. at 21.

In the Court's prior order, the Court dismissed Plaintiff's claims for money damages under RLUIPA, noting that the statute "does not permit claims for money damages against state officers in either their official or individual capacities." ECF No. 4 at 14 (citing *Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014)) and *Sossamon v. Texas*, 563 U.S. 277, 293 (2011). Plaintiff's reliance on *Tanzin* is misplaced. The distinction drawn by *Tanzin* is between claims against federal employees, against whom claims for money damages are permitted, and state employees, against whom such claims are not permitted. *See, e.g.*, *Azzarmi v. Donnelly*, No. 21-CV-12 (WFK) (LB), 2021 WL 405491, at *4 (E.D.N.Y. Jan. 20, 2021). *Tanzin* did not, as Plaintiff suggests, merely differentiate suits against individuals from those against governmental entities with sovereign immunity.[2]

---

[2] Plaintiff's reliance on RFRA is also misplaced because RFRA has been held to be unconstitutional as applied to States. *See City of Boerne v. Flores*, 521 U.S. 507, 532-34 (1997). "It applies only to the federal government and its officers." *Orellano v Papoosha*, No. 3:20-CV-00480 (VLB), 2021 WL 2109132, at *10 (D. Conn. May 25, 2021).

Plaintiff makes a further argument that DOCCS "is also liable under RLUIPA and the First Amendment." ECF No. 6 at 1. However, Plaintiff makes no argument concerning new claims against DOCCS, which was not a named party in the Amended Complaint. *See* ECF No. 4 at 15 (addressing parties to the action).[3]

## CONCLUSION

Upon careful review of the Motion for Reconsideration, the Court finds no basis to reconsider its prior order. Plaintiff does not point to any mistake, misrepresentation, newly-discovered evidence, or other reason to justify granting his request. The Motion for Reconsideration serves solely as an attempt to relitigate the merits of his case and bolster his original claims with superfluous allegations and argument. Accordingly, Plaintiff's Motion for Reconsideration, ECF No. 6, is denied in its entirety.

Service by the United States Marshals Service was directed by the Court's prior order. *See* ECF No. 4 at 15. Therefore, Plaintiff's Motion for such service, ECF No. 5, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: September 16, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[3] Were the Court to construe the Motion for Reconsideration as a to request to amend to add DOCCS as a Defendant, that amendment would be denied as futile because such a suit would be barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). It is well-settled that states are not "persons" under 42 U.S.C. § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).