UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SANJAY TRIPATHY,

                              Plaintiff,

v.

ANDREA N. SCHNEIDER, et al.,

                              Defendants.

Case No. 6:21-CV-06339-FPG-MJP

DECISION AND ORDER

## INTRODUCTION

On April 23, 2021, Plaintiff Sanjay Tripathy ("Plaintiff"), proceeding *pro se*, brought this action against Defendants Andrea N. Schneider, D. Lockwood, John Morley, Anthony J. Annucci, and Andrew Cuomo, seeking relief under 42 U.S.C. § 1983, the Eighth Amendment, the Fourteenth Amendment, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and other federal laws, in connection with alleged adverse health impacts Plaintiff suffered after he was exposed to environmental tobacco smoke ("ETS") while he was incarcerated at Gowanda Correctional Facility ("Gowanda"). ECF No. 1.

On May 21, 2021, after screening pursuant to 28 U.S.C. § 1915A(a), the Court dismissed Plaintiff's complaint, granting leave to amend. ECF No. 2. On June 11, 2021, Plaintiff filed an amended complaint, asserting, *inter alia*, claims under the First Amendment, Eighth Amendment, Equal Protection, Due Process, ADA, and Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Schneider, Lockwood, Annucci, Cuomo, the New York State Department of Corrections and Community Supervision ("DOCCS"), and Jason Zagst. ECF No. 3. On July 27, 2021, the Court dismissed some of these claims with prejudice, allowing only Plaintiff's Eighth Amendment and First Amendment Claims against Schneider, Lockwood, and Zagst to proceed to service. ECF No. 4.

On April 26, 2023, Plaintiff filed a motion for leave to amend his complaint, in which he seeks to add claims against seven prison officials at Fishkill Correctional Facility ("Fishkill") and Collins Correctional Facility ("Collins"). ECF No. 47 at 7. Specifically, Plaintiff seeks to assert claims against Sharon Frost, Akinola Akinyombo, George J. Dash, Edward Burnett (the "Fishkill Defendants") and Joel L. Terragnoli, Richard Moffit, and Leanne Latona (the "Collins Defendants"), and assert new claims against Schneider, Lockwood, and Zagst (the "Gowanda Defendants"). *Id*. Plaintiff asserts claims under the Eighth Amendment, RLUIPA, 42 U.S.C. §§ 1983 and 1985(3), the New York State Clean Indoor Air Act, and the New York State Constitution Article 1, §§ 3 and 19. *Id*. On May 5, 2023, Defendants responded to Plaintiff's motion. ECF No. 52. On May 12, 2023, Plaintiff replied. ECF No. 53.

On October 10, 2023, the Court referred this matter to Magistrate Judge Mark W. Pedersen for all pretrial matters excluding dispositive motions. ECF No. 55. On February 12, 2024, Magistrate Judge Pedersen issued a Report and Recommendation (the "R&R"), recommending denial of Plaintiff's motion for leave to amend. ECF No. 74. On February 19, 2024, Plaintiff timely objected to portions of the R&R. ECF No. 75. Defendants did not respond to Plaintiff's objections.

For the reasons below, the Court rejects Plaintiff's objections, and adopts the R&R to the extent that it recommended that leave to amend be denied as to Plaintiff's proposed federal claims for failure to exhaust administrative remedies, and as to Plaintiff's proposed state claims because such claims are barred by New York State Correction Law § 24. The Court need not address, and declines to adopt, the R&R's recommendations as to the proposed RLUIPA and Eighth Amendment claims. The remaining portions of the R&R are adopted. Accordingly, Plaintiff's motion for leave to amend his complaint is DENIED.

**BACKGROUND**

Courts must accept as true all well-pleaded facts in a proposed amended complaint and draw all reasonable inferences in favor of the party seeking leave to amend. *See Dougherty v. Town of North Hempstead Board of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see also Bones v. Cnty. of Monroe*, No. 23-CV-06201-FPG, 2023 WL 8809732, at *3 (W.D.N.Y. Dec. 20, 2023). Accordingly, the following facts are drawn from Plaintiff's proposed amended complaint, unless otherwise stated.[1]

DOCCS prohibits smoking at its correctional facilities, which include Gowanda, Fishkill, and Collins. ECF No. 47 at 15. From August 2018 until January 2021, Plaintiff was incarcerated at Gowanda. *Id*. at 10, 16, 18. In January 2021, he was transferred to Fishkill, where he remained until he was transferred to Collins in October 2021. *Id*. at 10, 18. Plaintiff was released from DOCCS custody in November 2022. *Id*. at 10. Plaintiff alleges that he suffered adverse health impacts and other harms from ETS while he was confined at each facility. *Id*. at 10, 19.

Plaintiff suffered from underlying health conditions before and during his incarceration, which were exacerbated by "high degrees of exposure to indoors ETS." *Id*. at 11. Specifically, Plaintiff suffered from "diabetes, obesity, high blood pressure, high cholesterol and other related conditions." ECF No. 47 at 12. Plaintiff received care for such conditions from each facility's medical staff. *Id*. at 11-12. Plaintiff's exposure to ETS was "constant, relentless and excessive" and specifically included exposure to more than "5-10 packets per day and also other illegal

---

[1] Local Rule of Civil Procedure 15(a) provides that a "[a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion." (emphasis added). Local Rule 15(b) provides that "the amendment(s) or supplement(s) to the original pleading shall be identified in the proposed pleading through the use of a word processing 'red-line' function or other similar markings that are visible in both electronic and paper format."

Here, Plaintiff's motion for leave to amend does not comply with either Rule 15(a) or 15(b). *See* ECF No. 47. Despite Plaintiff's failure to comply with Local Rule 15, the Court will consider Plaintiff's request for leave to amend pursuant to its broad discretion under Fed. R. Civ. P. 15(a)(2) to give leave to amend "when justice so requires[,]" and its "inherent power" to manage its own docket "so as to achieve the orderly and expeditious disposition of cases[.]" *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013).

substances like Marijuana, K-2 etc." *Id*. at 12. "Prison conditions (across Gowanda, Fishkill and Collins) exacerbated the negative impact of excessive ETS towards [Plaintiff]." *Id*. at 12-13.

Plaintiff is Hindu and his beliefs prevent him from consuming or "com[ing] in close personal contact with tobacco, and drugs[.]" *Id*. at 13. Defendants' refusal to enforce the smoking ban at each facility caused Plaintiff to violate his religious beliefs and experience adverse health impacts. *Id*. at 14. During his incarceration at each facility, Plaintiff "wrote and met with Defendants [...] detailing his problems (excessive ETS), and asked for relief," but they refused. ECF No. 47 at 14-15. Defendants "ignored, ridiculed and denied" his requests. *Id*. Defendants told Plaintiff to "suck it up, deal with jail [and] we can't won't [sic] deal with excessive indoor smoking[.]" *Id*. at 21.

At Gowanda specifically, Plaintiff filed a grievance complaining about ETS, detailing claims for deliberate indifference and retaliation and requesting "segregated dorm facilities for non-smokers[.]" *See* ECF No. 53-1 at 22. Plaintiff's grievance was denied, and he appealed that denial to the Gowanda superintendent. *Id*. at 14. After receiving a denial from the superintendent, Plaintiff appealed that decision to the Central Office Review Committee ("CORC"), which upheld the superintendent's denial. *Id*. Plaintiff raised "similar" issues with ETS at Fishkill and Collins, as well, by writing letters and speaking to each Defendant personally, but did not file grievances at those facilities because he alleges "he was not needed to file separate grievances in all 3 facilities." ECF No. 47 at 15.

The "excessive ETS" caused Plaintiff's "family and friends [] to send him (across state lines and also from India) extra books, clothing, food, other items, money etc. (to sustain himself), and also make additional trips to see him[.]" *Id*. at 15.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(2).  When a party does not object to portions of an R&R, or only reiterates arguments originally made, a district court will review those portions for clear error.  *See EEOC v. AZ Metro Distributors, LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017) (quoting *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014)); *see also U.S. v. Gardin*, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotations and citations omitted).  After reviewing an R&R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

With respect to Plaintiff's motion for leave to amend, "[t]he standards for determining whether a proposed amendment would be futile are the same as for considering a motion to dismiss under Rule 12(b)(6)."  *Argentieri v. Clerk of Ct. for Judge Kmiotek*, 420 F. Supp. 2d 162, 165 (W.D.N.Y. 2006) (quoting *Lucente v. International Business Machines Corp.*, 310 F.3d 243, 248 (2d Cir. 2002)); *see also AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim[.]").  To survive a Rule 12(b)(6) challenge, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Id.* (internal quotation marks omitted). A district court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co*., 517 F.3d 104, 115 (2d Cir. 2008).

The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig*., 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (citing *Twombly*, 550 U.S. at 560-61). To meet this plausibility standard, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. 679. Because Plaintiff is proceeding *pro se*, the Court must liberally construe his submissions and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations and citations omitted); *see also, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' […]." (citation omitted)). "[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Rahman v. Schriro*, 22 F.Supp.3d 305, 310 (S.D.N.Y. 2014).

## DISCUSSION

Plaintiff seeks leave to assert six claims against the Fishkill, Collins, and Gowanda Defendants in their individual and official capacities arising from Defendants' alleged failure to enforce DOCCS's prohibition on indoor smoking at each facility: (1) deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983; (2) a RLUIPA violation; (3) conspiracy under 42 U.S.C. § 1983; (4) conspiracy under 42 U.S.C. §1985(3); (5) a violation of the New York State Clean Indoor Air Act; (6) a violation of New York State Constitution Article 1, §§ 3 and 19 (providing "Environmental Rights" and "Freedom of Worship," respectively).[2]

---

[2] To the extent Plaintiff asserts an Eighth Amendment claim against the Gowanda Defendants, as his proposed amendment appears to do, this claim is duplicative of a claim already permitted to proceed to service. *See* ECF No. 4

As stated, the R&R recommended denial of Plaintiff's motion for leave to amend in its entirety. *See* ECF No. 74. Plaintiff filed five objections to the R&R. ECF No. 75. Plaintiff argues that: (i) he did not fail to exhaust his administrative remedies for complaints relating to ETS at Fishkill and Collins; (ii) his RLUIPA claims should not be dismissed because RLUIPA authorizes monetary damages for claims against state officials sued in their individual capacities under the Spending Clause; (iii) his RLUIPA claims should not be dismissed because RLUIPA authorizes monetary damages for claims against state officials sued in their individual capacities under the Commerce Clause; and (iv) Defendants showed deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. ECF No. 75 at 1-2. In addition, Plaintiff argues that this Court should (v) exercise supplemental jurisdiction over his state law claims. *Id*. at 13. For the reasons set forth below, Plaintiff's first and fifth objections are without merit. Because Plaintiff's first objection is without merit, the Court declines to address the second, third, and fourth objections.

## A. Administrative Exhaustion

Plaintiff argues that he exhausted his administrative remedies for grievances challenging lax enforcement of the DOCCS prohibition of smoking at Fishkill and Collins because he brought, and exhausted, such complaints with respect to Gowanda, and "the same grievances at Fishkill and Collins would have been futile." ECF No. 75 at 4. Specifically, Plaintiff argues that because the CORC rejected his complaints about Gowanda's alleged failure to enforce the smoking ban, a "similar grievance from Fishkill and Collins would have resulted in the same outcome of denial by CORC[,]" "making the process in essence unavailable" and a "dead end." *Id*. at 5. The Court disagrees.

---

(permitting Eighth Amendment deliberate indifference claim against Gowanda Defendants). The Court thus construes Plaintiff's proposed Eighth Amendment claim as asserted against the Fishkill and Collins Defendants only.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner … until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see, e.g. Harris v. N.Y.C. Dep't of Corr.*, No. 00 CIV. 7164 (NRB), 2001 WL 845448, at *2 (S.D.N.Y. July 25, 2001) (an action alleging deliberate indifference to medical needs is an action "with respect to prison conditions") (collecting cases).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).  "This provision "requires 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'"  *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

An inmate of DOCCS must submit grievances through the Inmate Grievance Program ("IGP").  The IGP has a three-tiered process for adjudicating complaints: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ('IGRC'), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the CORC." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir. 2009) (citing 7 N.Y. Comp. Codes R. & Regs. § 701.7 (1999)).

"Generally, if a plaintiff fails to follow each of the required steps of the IGP, including receipt of a decision from CORC, prior to commencing litigation, he has failed to exhaust his administrative remedies as required under the PLRA."  *Ash v. Johnston*, No. 918-CV-0738 (MAD/ML), 2020 WL 3038115, at *6 (N.D.N.Y. Jan. 23, 2020*), report and recommendation adopted*, 2020 WL 1060306 (N.D.N.Y. Mar. 5, 2020) ("[T]he PLRA requires proper exhaustion,

which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).") (quotations marks and citations omitted).

Though exhaustion is generally mandatory, a failure to exhaust administrative remedies may be excused where: (1) the administrative remedies were not in fact available; (2) prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion; or (3) "special circumstances … justify the prisoner's failure to comply with administrative procedural requirements." *Dabney v. Pegano*, 604 F. App'x 1, 3 (2d Cir. 2015) (summary order) (internal quotation marks omitted).  A remedy is "available" under 42 U.S.C. § 1997e(a) if it is "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016).

Under *Ross*, courts generally find that administrative remedies are not available in three circumstances.  *Id*. at 1859-60.  First, courts conclude that "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. at 1859.  "[Second], an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id*.  Third, a remedy may be unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1860.  These "three circumstances […] do not appear to be exhaustive[,]" *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016), but nevertheless provide a framework for a court's analysis. *Mena v. City of New York*, 13-CV-2430, 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

Here, Plaintiff focuses his objection on the first circumstance.  Plaintiff argues that because he brought, and exhausted, grievances as to Gowanda's lax enforcement of DOCCS's prohibition on smoking, "the same grievances at Fishkill and Collins would have been futile."  ECF No. 75 at

4.  That is, a "similar grievance from Fishkill and Collins would have resulted in the same outcome of denial by CORC[,]" "making the process in essence unavailable" and a "dead end." *Id*. at 5. Though Plaintiff's submissions are to be afforded "special solicitude" and construed to raise "the strongest claims they could suggest," his allegations as to the unavailability of each facility's administrative procedures do not justify excusal from the exhaustion requirement. *Fuller v. Annucci*, No. 17-CV-6255-FPG, 2019 WL 2140613, at *1 (W.D.N.Y. May 16, 2019) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

Plaintiff does not plausibly allege that the administrative procedures provided at Fishkill and Collins operated as a "dead end[,]" nor that any officers, such as Defendants, were unable or consistently unwilling to provide relief[.]" *Ash*, 2020 WL 3038115, at *6 (citing *Ross*, 136 S. Ct. at 1859). Plaintiff alleges that the grievance processes for each facility would have led to the denial he received in connection with his grievances at Gowanda, but this allegation, alone, is insufficient to plausibly establish that administrative remedies were not available.

First, Plaintiff's grievances at Gowanda did not include many of the claims he seeks to assert here, except only for an Eighth Amendment claim. *Compare* ECF No. 53-1 at 22 (grievance asserting Eighth Amendment and First Amendment claims), *with* ECF No. 47 at 9 (proposed amendments asserting mix of six federal and state claims against different defendants). Thus, while the conduct complained of at each facility may have been similar, as Plaintiff alleges, Plaintiff does not plausibly allege that the grievances would be exactly "the same[,]" such that the Court may infer that each facility and grievance procedure would have reacted uniformly. ECF No. 75 at 4.

Second, even if the grievances were the same, Plaintiff does not plausibly allege that the three-tiered IGP, specifically, in connection with both Fishkill and Collins, would have produced the same denial he received before. Plaintiff was entitled by statute to three stages of

administrative review—from the IGRC, superintendent, and CORC—in connection with his confinement at each facility and Plaintiff presents no plausible allegations that each entity, alone or in tandem, was "unable" or "consistently unwilling" to provide the requested relief. *See Espinal*, 558 F.3d at 125 (citing 7 N.Y. Comp. Codes R. & Regs. § 701.7 (1999)).

Relatedly, despite Plaintiff's allegation that Defendants said that "they will not do anything about [the ETS]," Plaintiff does not plausibly allege that such a refusal would have materially affected each facility's IGP, even if such allegations may demonstrate that Defendants were "consistently unwilling" to provide relief. ECF No. 75 at 5; *Espinal*, 558 F.3d at 125. Only two proposed Defendants, Edward Burnett and Leane Latona—superintendents of Fishkill and Collins, respectively—appear to have held authority to participate in the IGP, and even Burnett and Latona, as superintendents, remained subject to CORC review. *Espinal*, 558 F.3d 119, 125 (2d Cir. 2009) (IGP steps include (1) filing a grievance with the IGRC, (2) appealing adverse decision by the IGRC to superintendent of the facility, and (3) appealing adverse decision by superintendent to the CORC).

Further, Plaintiff's theory of unavailability belies the purpose of the PLRA and the IGP, in general, as the R&R recognized. *See* ECF No. 74 at 24. It is axiomatic that "[t]he fundamental purposes of [a] grievance requirement would not be served if a grievance filed at one facility […] was said to be sufficient to exhaust administrative remedies relating to a separate, even though similar, claim asserted against different [Defendants] for a different time period and at a different correctional facility." *Tafari v. Stein*, No. 01CV0841, 2008 WL 3852150, at *2 (W.D.N.Y. Aug. 15, 2008); *see Florer v. Johnson*, No. C06-5561RJB/KLS, 2007 WL 2900179, *4 (W.D. Wash. 2007) ("A grievance directed at a particular individual at a particular institution is proof only as to that particular incident, individual and institution."). Indeed, under the PLRA, prison officials must be "afforded the time and opportunity to address a complaint internally" through the IGP

before being subjected to a federal lawsuit.  *Shepherd v. Smith*, No. 915CV0665GLSCFH, 2018 WL 5660423, at *11 (N.D.N.Y. June 13, 2018) (citing *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).  The Fishkill and Collins Defendants were not afforded such an opportunity.

Accordingly, the Court concludes that Plaintiff cannot be excused from the exhaustion requirement because he has failed to plausibly allege that the administrative remedies provided operated as a "dead end," such that they were not "available" under 42 U.S.C. § 1997e(a).  *Ross*, 136 S. Ct. at 1859.  Because "unexhausted claims cannot be brought in court[,]" Plaintiff's motion for leave to amend his complaint to include the newly asserted federal claims may be denied on this basis alone.  *Jones*, 549 U.S. at 211.  Therefore, the Court need not address Plaintiff's objections to the R&R's recommendations as to Plaintiff's proposed RLUIPA and Eighth Amendment claims, and declines to adopt those recommendations.[3]

### B.  Supplemental Jurisdiction

Plaintiff argues that this Court should exercise supplemental jurisdiction over his state law claims brought pursuant to the New York State Clean Indoor Air Act and the New York State Constitution Article 1, §§ 3 and 19.  ECF No. 75 at 13; ECF No. 47 at 7.  The R&R did not address supplemental jurisdiction, instead concluding that New York State Correction Law § 24 provides for exclusive state court jurisdiction over such claims.  *See* ECF No. 74 at 16.

As the Second Circuit has held, it is well-settled that "Section 24 shields employees of a state correctional facility from being called upon to personally answer a state law claim for

---

[3] It remains an open question in this Circuit whether RLUIPA authorizes individual capacity monetary damages suits against state officials under the Commerce Clause, and thus whether such a claim may survive a Rule 12(b)(6) motion to dismiss.  At this time, such damages claims are not expressly foreclosed.  *See, e.g. Washington v. Gonyea*, 731 F.3d 143, 145-46 (2d Cir. 2013) (declining to address Commerce Clause basis for such damages); *Refaat El Badrawi v. United States*, No. 07-CV-1074 (JCH), 2011 WL 13086946, at *15 (D. Conn. May 16, 2011) (holding that claims for such damages are authorized, and collecting cases declining to decide issue because plaintiffs did not allege jurisdictional basis in satisfaction of Commerce element).

Because Plaintiff's proposed RLUIPA claims are not properly before the Court, the Court does not decide the issue now, despite his allegations as to a Commerce Clause basis for his claims.  *See Westchester Day School v. Village of Mamaroneck*, 504 F.3d 338, 348 (2d Cir. 2007) ("minimal effect on commerce" satisfies jurisdictional element).

damages based on activities that fall within the scope of the statute." *Ierardi v. Sisco*, 119 F.3d 183, 186-87 (2d Cir. 1997) (citations omitted). "Such immunity is available whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court." *Id.*; *Reyes v. Bellamy*, No. 16-CV-191-FPG, 2018 WL 4354215, at *6 (W.D.N.Y. Sept. 12, 2018)

Thus, even if the Court exercised supplemental jurisdiction, Plaintiff's state claims would be barred because "[c]ourts in the Second Circuit have long held that Section 24 precludes a plaintiff from raising state law claims in federal court against state employees in their personal capacities for actions arising within the scope of their employment." *See, e.g., Ierardi*, 119 F.3d at 186; *Baker v. Coughlin*, 77 F.3d 12, 16 (2d Cir. 1996) ("Because a New York court would have dismissed [the] claims against [the defendants] pursuant to § 24, the district court should have done so."); *Hassell v. Fischer*, 96 F.Supp.3d 370, 385 (S.D.N.Y. 2015) ("Because such claims would be barred in New York state courts, this Court equally lacks jurisdiction over the claims.).

Here, the parties agree that Plaintiff's state law claims are brought against Defendants in their personal capacities for actions arising within the scope of their employment at Fishkill and Collins. Accordingly, § 24 precludes Plaintiff from bringing such claims before this Court. Plaintiff's fifth objection is rejected, and his motion for leave to amend his complaint to include the proposed state law claims must be denied.

### C. Clear Error

As discussed, the Court must "review [unobjected to] portions [of an R&R] for clear error." *AZ Metro Distributors, LLC*, 272 F. Supp. 3d at 339. "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice,* 130 F. Supp. 3d at 686. After reviewing the remainder of the unobjected to portions of the R&R, the Court is satisfied that they are free of clear error, and accordingly adopts the remainder of the R&R.

**CONCLUSION**

For the foregoing reasons, the Court rejects Plaintiff's objections, and adopts the R&R to the extent that it concluded that leave to amend should be denied as to Plaintiff's proposed federal claims for failure to exhaust administrative remedies, and as to the proposed state claims because those claims are barred by New York State Correction Law § 24.  The Court need not address, and declines to adopt, the R&R's recommendations as to Plaintiff's proposed RLUIPA and Eighth Amendment claims.  The portions of the R&R to which Plaintiff did not object are adopted. Accordingly, Plaintiff's motion for leave to amend his complaint is DENIED.

IT IS SO ORDERED.

Dated: March 14, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York