## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

**Sanjay Tripathy,**

Plaintiff,

v.

**Andrea N. Schneider, et al.,**

Defendants.

**DECISION and ORDER**

21-cv-6339-FPG-MJP

## INTRODUCTION

**Pedersen, M.J.** In the latest chapter of this case, the parties have taken a break from their other discovery disputes to file sanctions motions against each other. Tripathy asks me to sanction Defendants' counsel under Fed. R. Civ. P. 11. Defendants' counsel asks me to do the same to Tripathy. I **DENY** both motions, declining to award attorneys' fees or sanctions. But I have issued a warning to Tripathy.

The dueling Rule 11 motions are not the only items on my plate. I must decide two other motions stemming from the parties' discovery disputes. First, I must decide Defendants' motion to quash. And second, I must decide Tripathy's motion to compel. Because these motions suffer fatal defects, I likewise **DENY** them.

## BACKGROUND

I assume familiarity with the background of this case up to Judge Geraci's decision on Tripathy's motion to amend. (ECF No. 76, Mar. 14,

1

2024.) After Judge Geraci's decision and order, I met with the parties, finalizing a scheduling order and deadlines under Fed. R. Civ. P. 16. (ECF No. 84, Mar. 20, 2024.) The parties set an ambitious deadline for the close of discovery by October 31, 2024.

I say "ambitious" because of the saga of discovery disputes in this case. In late May, I granted Defendants' motion for a protective order. Relevant here, in a bench decision on May 29, 2024, I determined that Tripathy's requests for admission about "illegal substances" fell outside the allegations of his operative complaint, making them irrelevant. While Tripathy immediately asked me to reconsider, (ECF No. 120, May 29, 2024), I found no reason to do so. (Order at 3, ECF No. 121, May 29, 2024 (holding that "[d]iscovery about [ ] illegal substances" other than environmental tobacco smoke ("ETS") are "irrelevant" because Tripathy's complaint and its "claims are predicated on ETS," i.e., environment *tobacco* smoke (alterations added)).)

Although I granted Defendants' motion for a protective order, I declined to award attorneys' fees. (*Id.* at 4 ("However, the Court finds under Rule 37(a)(5)(iii) that an award of attorneys' fees for this motion would be unjust. Tripathy is *pro se*.").) But I warned Tripathy on the record and in my follow-up order that future discovery abuses could re-

sult in monetary sanctions against him. (*Id.* ("If Defendants bring discovery motions in the future, though, the Court will be inclined to award attorneys' fees.").)

Meantime, Tripathy requested documents from Defendant. Unsurprisingly, Tripathy quickly moved to compel. But he did so prematurely (and perhaps without reviewing my order) arguing that Defendants owed him documents, including documents about other "illegal substances." He also made derogatory statements about Defendants' counsel:

> Ms. Halliyadde takes the crown for obduracy, difficulty [sic] in professional dealings. I plead for this Court to look at systemic issues with Ms[.] Halliyadde's dealings and if needed conduct a formal disciplinary hearing to ascertain facts and exercise its power under FRCP Rule 11 to sanction her, or at the very least ask the NYS AG's office to remove her from Petitioner's case(s).

(Mot. to Compel at 2,[1] ECF No. 135, June 21, 2024.) I saw no reason to make a Rule 11 inquiry because Tripathy made only a conclusory allegation. Defendants rightly ignored Tripathy's unsupported, argumentative, statement, responding instead to the substance of Tripathy's motion to compel. (ECF No. 155, Aug. 2, 2024.) Defendants asserted that Tripathy's motion should be denied because it lacked a certification pursuant to Fed. R. Civ. P. 37(a)(1). (*Id.* ¶ 3.) Tripathy replied. (ECF No.

---

[1] "The Court will consider ECF No. 135 as a motion to compel, with ECF No. 155 as [Defendants'] response, and ECF No. 160 as Plaintiff's reply." (Minute Entry, ECF No. 162, Aug. 7, 2024 (alteration added).)

160, Aug. 6, 2024.) With the parties' consent, I determined that I would treat this as a fully briefed motion to compel. (Text Order, ECF No. 172, Sept. 16, 2024.) I determined as much during a conference I held on August 7, 2024. (Minute Entry, ECF No. 162.) That conference covered a variety of topics.

During that conference, for example, the parties discussed Tripathy's recent subpoena. Tripathy issued a subpoena because Judge Geraci (and black-letter law) would not permit him to add DOCCS as a defendant. (Text Order, ECF No. 130, June 17, 2024.) To subpoena DOCCS, Tripathy obtained a subpoena in blank on July 31, 2024. (ECF No. 153.) He hired a process server, who served the subpoena on DOCCS a week later. (ECF No. 159, Aug. 6, 2024.) Defendants indicated during the August 7 conference that they would move to quash. Tripathy argued that he needed to subpoena DOCCS because "overall ETS policy is done by DOCCS." (Tr. of August 7, 2024 Proceedings ("Tr.") 5:9, ECF No. 181, Oct. 17, 2024.)

Unfortunately, Tripathy went on to renew his allegation of improper conduct by Defendants' counsel. He stated: "[I]n other of the cases that [Defendants'] counsel handles she blatantly lied under oath." (Tr. 6:12–13, ECF No. 181 (alterations added).) Tripathy had raised this issue in a letter dated August 3, 2024. (ECF No. 158.) As this conference

4

went on, I learned that the allegations of lying were connected to stipu-
lations from different cases of Tripathy's. (Tr. 16:6–17:16, ECF No. 181;
*see also* Letter Exs. 1–3, ECF No. 158.) Defendants' counsel inquired
whether Tripathy would retract his accusations. (Tr. 18:16–18, ECF No.
181.) Tripathy was adamant. (Tr. 20:23–21:1.) I noted for Tripathy that
if he is "going to make accusations, I need to have some substantiation
for those accusations." (Tr. 13:17–18.)

Following the conference, Defendants promptly moved to quash.
(ECF No. 163, Aug. 7, 2024.) Although Tripathy filed opposition, (ECF
No. 165, Aug. 21, 2024), Defendants did not file a reply. That motion is
likewise fully briefed and ready for my decision.

Finally, I entered a text order directing the parties "not to file any
additional materials in support of their respective motions," warning the
parties that I "may strike any additional materials … unless leave of
court is obtained by letter motion on the docket." (Text Order, ECF No.
172, Sept. 16, 2024.) A day later, Tripathy wrote to me asking that I
consider "[s]upporting [i]nformation due to recent [d]evelopments."
(ECF No. 174, Sept. 17, 2024.) Defendants opposed Tripathy's request.
(ECF No. 175.)

[Remainder of page intentionally blank.]

# THE RULE 11 MOTIONS

## I.   Applicable law.

### A.   Magistrate judge jurisdiction.

Under Fed. R. Civ. P. 11, I may report and recommend that the District Judge "impose an appropriate sanction on any attorney, law firm, or party that violate[s]" Rule 11(b). Fed. R. Civ. P. 11(c)(1). This includes *pro se* parties. *Benitez v. King*, 298 F. Supp. 3d 530, 539 (W.D.N.Y. 2018) ("It is well established that Rule 11 applies to *pro se* litigants." (quotation omitted)).

However, "[b]ecause I determine that no sanctions should be imposed, and because that result is a non-dispositive resolution of a pretrial matter, I conclude that I have the authority to issue this decision." *Goodwin v. MTA Bus Co.*, No. 14CV4775RRMJO, 2017 WL 1082408, at *1 n.1 (E.D.N.Y. Mar. 22, 2017); *Sweetwater Ests., Ltd. v. Carpenter*, No. 16CV1578SJFSIL, 2018 WL 1175158, at *1 n.1 (E.D.N.Y. Mar. 6, 2018) (same). I have this authority because Judge Geraci entered an order referring this case to me for all pretrial, non-dispositive, matters.

A decision and order is likewise appropriate considering "the practical effect of the challenged action on the instant litigation." *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d. Cir 2008) (collecting cases). Here, the practical effect is nil. *See id.* (noting that the relevant inquiry is whether the magistrate judge will be "determin[ing] the fundamental question of whether a case [can] proceed in a federal court"

(alterations added)). After all, I have determined that neither side should be sanctioned.

Admittedly, other courts have seen this differently. *See, e.g., F.T.C. v. Consumer Health Benefits Ass'n*, No. 10-CV-3551 ILG, 2011 WL 2341097, at *4 & *1 n.4 (E.D.N.Y. June 8, 2011) (recommending that "sanctions not be imposed"). The parties may take up this question should they appeal my decision and order.

### B.   Legal standard.

Fed. R. Civ. P. 11(b) provides: "By presenting to the court a pleading, written motion, or other paper … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the claims, defenses, and other legal contentions are warranted by existing law" and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2)–(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

So, under "Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." *Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108 (2d

7

Cir. 2013). The rule "gives the court the power to initiate sanctions pro-

ceedings *sua sponte*." *Id*. (citing Fed. R. Civ. P. 11(c)(3)).

Relevant here, I may recommend Rule 11 sanctions "when court

filings are used for an 'improper purpose,' or when claims are not sup-

ported by existing law, lack evidentiary support, or are otherwise frivo-

lous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63

(2d Cir. 2012) (citation omitted); *see also Muhammad*, 732 F.3d at 108

(Under Rule 11, courts may sanction attorneys "for conduct that was

objectively unreasonable," such as "misrepresenting facts or making

frivolous legal arguments." (citing *Storey v. Cello Holdings, L.L.C.*, 347

F.3d 370, 388 (2d Cir. 2003))). "With regard to factual contentions, 'sanc-

tions may not be imposed unless a particular allegation is utterly lack-

ing in support.'" *Storey*, 347 F.3d at 388 (quoting *O'Brien v. Alexander*,

101 F.3d 1479, 1489 (2d Cir. 1996))). Courts generally "resolve all doubts

in favor of the signer" when deciding whether Rule 11 sanctions are war-

ranted. *Motown Prods., Inc. v. Cacomm., Inc.*, 849 F.2d 781, 785 (2d Cir.

1988) (quotation omitted).

## II.   The Court determines that sanctions are not warranted here.

Whether Rule 11 sanctions are warranted is within the Court's

discretion. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)

("Even if the district court concludes that the assertion … violates Rule

11, however, the decision whether or not to impose sanctions is a matter

for the court's discretion."); *Ipcon Collections LLC*, 698 F.3d at 63 (finding that "even when a district court finds a violation of Rule 11, [t]he decision whether to impose a sanction for [that] violation … is committed to the district court's discretion"). This discretion exists in part so that district courts may "apply a more lenient standard" to *pro se* parties "than would be applicable" if they were "represented by learned counsel." *Benitez*, 298 F. Supp. 3d at 539 (quotation omitted). Unlike Tripathy, Defendants are represented by counsel. So, the same considerations do not apply.

### A. Defendants failed to comply with a requirement of the safe harbor provision.

Analyzing Rule 11 sanctions normally involves a discussion of the safe harbor provision. In considering Defendants' motion, I am not satisfied that they have complied with Fed. R. Civ. P. 11(c)(2)—the "safe harbor" provision. This warrants denial. *See, e.g.*, *Fierro v. Gallucci*, 423 F. App'x 17, 18–19 (2d Cir. 2011) (summary order) ("Here, the district court was required to deny plaintiffs' motion for sanctions for failure to comply with the 21-day 'safe harbor[.]'"); *Bryant v. Britt*, 420 F.3d 161, 163 n.2 (2d Cir. 2005) (finding that, because movant "failed to comply" with Rule 11(c), there was "no error in the district court's decision" to deny sanctions). "The safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

9

Here, because Defendants' counsel only communicates with Tripathy on the docket, she served her safe harbor letter there and not by mail under Rule 5. Fed. R. Civ. P. 11(c)(2) (emphasis added) ("The motion must be *served* under Rule 5, *but it must not be filed* or be presented to the court if the challenged paper ... is withdrawn or appropriately corrected within 21 days after service."). Yet service off-the-docket is what the plain text of Rule 11(c)(2) contemplates. *Id.*; *see also* Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 11(c) ("The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court."). The rule thus requires service off-the-docket, with the Court becoming involved only if the other party fails to take advantage of the safe harbor.

As the Advisory Committee Notes suggest, this requirement affords the parties a chance to resolve a potential Rule 11 dispute informally. Indeed, many of the revisions to Rule 11 have been intended to "reduce the number of motions for sanctions presented to the court." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 11 (noting the purposes of the amendments). This requirement also gives counsel and parties the chance of avoiding the Court's ire and a loss of

reputation. Because Defendants failed to follow this requirement, I find that Defendants' Rule 11 motion must be denied.

### B. Separately, I must deny Defendants' Rule 11 motion because Tripathy is *pro se*.

Separately, I find that I must deny Defendants' motion because Tripathy is *pro se*. Tripathy is a *pro se* litigant and therefore must receive "special solicitude." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). For Rule 11 this means considering "the special circumstances of litigants who are untutored in the law." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) ("While it is true that Rule 11 applies both to represented and *pro se* litigants, the court may consider the special circumstances of litigants who are untutored in the law."). So, "[w]hen dealing with *pro se* litigants, against whom Rule 11 applies and sanctions are available, a court should proceed even more cautiously, for ordinarily, *pro se* parties are held to much more lenient standards than attorneys." *Treanor v. Treanor*, No. 08 CIV. 0151 HB, 2012 WL 1448848, at *3 (S.D.N.Y. Apr. 25, 2012) (quoting *Chow v. City of New York*, 09 Civ. 1019, 2010 WL 2103046, at *3 (May 25, 2010)). Thus, most courts facing a Rule 11 motion against a *pro se* litigant opt to give the *pro se* party a one-time warning. *See, e.g., Benitez*, 298 F. Supp. 3d at 543 ("Indeed, giving consideration to Plaintiff's *pro se* status, the Court does not find that any sanction would be appropriately imposed at this time." (collecting cases)).

Yet Defendants ask me to sanction Tripathy anyway. They point to his many cases with this Court and others. No doubt Defendants are thinking of my earlier warning to Tripathy in deciding Defendants' motion for a protective order. Even so, I am unpersuaded; the appropriate exercise of my discretion here is to warn—not sanction—Tripathy.

To begin, the case law Defendants cite is not specific to Rule 11. I certainly take Defendants' point that, in general, "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). But *Tracy* is not specific to Rule 11. Nor are the other cases Defendants cite. And Rule 11's requirements are strict. This weakens Defendants' argument considerably. When I look at exercising discretion, I want to see what other courts have done in response to the same kind of motion in the same posture that I face.

Indeed, Defendants' appeal to *Tracy* undermines their argument. Defendants acknowledge that special solicitude hinges (at least in part) on the litigant's "familiar[ity] with the procedural setting presented." (Reply at 1, ECF No. 170, Sept. 12, 2024 (alteration added) (quoting *Tracy*, 623 F.3d at 102).) Defendants make no argument that Tripathy is familiar with Rule 11. Rather, they only point to his general litigation experience. (*Id*. ("Magistrate Judge [Payson] … noted that '[Tripathy] is experienced enough in litigation'" (alterations added and quotation

omitted)).) Nothing before me suggests that Tripathy is familiar with Rule 11 sanctions. I am not aware of any Rule 11 motion Tripathy has faced. And Defendants point to none.

Here, because this Court has not warned Tripathy about the consequences of Rule 11 violations, I decline to report and recommend sanctions against him. *See Benitez*, 298 F. Supp. 3d at 541 ("Ultimately, the decision to impose Rule 11 sanctions rests in the sound discretion of the court, and 'should be imposed with caution.'" (quoting *Murawski v. Pataki*, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007))). But I find it appropriate to issue a warning to Tripathy.

### C. Although I find that Tripathy should not be sanctioned, I am issuing a warning to him.

I decline to make in-depth findings about the parties' factual dispute, partly because doing so would involve a dispute before a different judge. But the record before me does suggest that Tripathy is proceeding "from a desire to harass." *Maduakolam*, 866 F.2d at 56. Although Tripathy "is certainly entitled to challenge the legal and factual positions taken by Defendant[s] [ ] he may not engage in the type of inflammatory name-calling of defense counsel that has littered his filings." *Houghtaling v. Eaton*, 559 F. Supp. 3d 164, 170 (W.D.N.Y. 2021) (alterations

added). Numerous times, in numerous filings, Tripathy has included inflammatory language.[2] Tripathy must stop using this language; if he includes argumentative, inflammatory language that lacks evidentiary

_____

[2] A handful of additional examples should suffice (continued on the next page):

- "It should be noted that Defense counsel seems to have deliberately missed specifically listing Defendant's responses to the third set of admissions, either to potentially obfuscate the issue or to show the shortcomings which led to the fourth set of admissions." (Oppn. to Def.s' Mot. for a Protective Order at 1, ECF No. 113, May 11, 2024.)

- "Petitioner will separately raise the matter of Defense obfuscation, undue burden and acts in bad-faith, on his discovery documents - wherein Defendants have failed to provide documents citing burden." (*Id.*; *see also* Letter at 1–2, ECF No. 111, May 1, 2024 (using the same language).)

- "Further, this Court should also look at the misrepresentations, lies, wrongful conduct by Defense Counsel - Muditha Halliyadde, whose sole goal seems to escape liability, deny discovery information, hide behind legal and procedural theories that must never deny justice, in violation of her oath as a judicial officer, and potentially sanction her under FRCP Rule 11, for such conduct." (*Id.*)

- "It should be noted that the Defense Counsel (Muditha Halliyadde) is also the counsel of record in the below mentioned cases (all pertaining to Petitioner) and these documents (shown as exhibits) are available on the Court's (WDNY) Docket. These documents and its content clearly demonstrate double standards, duplicity and bad-faith representations made by Defense Counsel in this matter and therefore grave implications on fairness, conduct, integrity, code of conduct for Attorneys in The State of New York. This may necessitate commensurate action via sanctions under FRCP Rule 11." (Letter at 1, ECF No. 158, Aug. 3, 2024.)

- "Given Petitioner's experience at Defense delays, obfuscation, lack of good faith efforts, blatant misrepresentations (see #158 Petitioner's Letter on Discovery), it is imperative these be put on the record, therefore petitioner seeks the Court's intervention before formally filing a motion to compel." (Decl. in Supp. of Pl.'s Request for Leave to File Mot. to Compel ¶ 10, ECF No. 160, Aug. 6, 2024.)

support—as I warn him below—he may be sanctioned, or I may strike his submission containing sanctionable language from the docket.

I therefore issue this **WARNING:**

Tripathy is **WARNED** that any future violations of the Rules of Federal Civil Procedure, including Rule 11, or the Local Rules of Civil Procedure of this Court may result in monetary sanctions, in dismissal of this action, or in other appropriate sanctions. The Court now considers Tripathy on notice that he must **FOLLOW all** Federal Rules of Civil Procedure and Local Rules of Civil Procedure. If he violates any rule such that sanctions are warranted, he has been given the warnings to which he is entitled. In sum, Tripathy's *pro se* status is no longer going to shield him. *See Malley v. N.Y.C. Bd. of Educ.*, 207 F. Supp. 2d 256, 259 (S.D.N.Y. 2002) ("The fact that a litigant appears *pro se* does not shield him from Rule 11 sanctions because 'one acting *pro se* has no license to harass others[.]'" (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988))).

---

- "Petitioner pleads for the Couty to deny Defense Motion ([ECF No.] 167) as obfuscation, misrepresentation, frivolous, untimely, and an attempt by Defense to delay/interfere with a judicial process[.]" (Cross-Mot. for Rule 11 Sanctions at 1, ECF No. 169, Sept. 10, 2024.)

## II.   I decline to sanction Defendants' counsel.

I decline to sanction Defendants' counsel. *First*, as Defendants correctly point out, Tripathy has not complied with the "strict procedural requirement" that is the safe harbor provision. *Star Mark Mgmt., Inc.*, 682 F.3d at 175; *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 543 (2d Cir. 2023) ("Such a motion may not be presented to the court until the expiration of a twenty-one-day 'safe harbor' period, during which the alleged violator has the chance to withdraw or correct the challenged filing." (citing Fed. R. Civ. P. 11(c)(2))), *cert. denied*, 144 S. Ct. 822 (2024). Under Rule 11(c)(2), the motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service."[3]

*Second*, I will not wade into a dispute overseen by a colleague. Tripathy's Rule 11 motion invites me to weigh in on a factual dispute in motions pending before my colleague, the Hon. Marian W. Payson, U.S.M.J.[4] During the August 7 discovery conference, Tripathy stated that he raised the issue of Defendants' counsel's "deliberate" efforts to

---

[3] I have construed ECF No. 169 as a cross-motion because it unambiguously requests that the Court award Rule 11 sanctions against Defendants' counsel.

[4] For Tripathy's statement of this dispute, *see* Letter ¶ 3, ECF No. 158.

stymie his discovery requests "on the Docket 155 in which in other of the cases that defense counsel handles she blatantly lied under oath." (Tr. 6:9–13, ECF No. 181.) In sum, Tripathy alleges that Defendants' counsel lied in her declaration at ECF No. 155 based on additional misrepresentations she made in other cases. (Letter ¶¶ 1–3, ECF No. 158.) Unhelpfully, Tripathy has not pointed out which portions of ECF No. 155 contain misrepresentations. That alone is reason for denial.

Setting aside Tripathy's cursory treatment of a serious issue, it is up to Judge Payson to handle Tripathy's allegation that Defendants' counsel has violated Rule 11 in cases that Judge Payson is overseeing. Judicial independence and jurisdiction counsel me not to weigh in on this dispute. *See Dotson v. Griesa*, 398 F.3d 156, 175 (2d Cir. 2005) ("From the beginning of the federal court system, the hallmarks of judicial branch governance have been local court management and individual judge autonomy, coupled with mechanisms for ensuring accountability and effective use of resources.").

Finally, to the extent that Tripathy relies on assertions made before me, he should note that stipulations made in *other* cases do not govern *this* case. Parties may stipulate for strategic reasons, and different attorneys may evaluate the wisdom of stipulating differently. On the record before me, I see no wrongdoing by Defendants' counsel stemming from stipulations Defendants declined to sign off on in this case.

## THE MOTION TO COMPEL

Based on my discussion with the parties during the August 7, 2024, conference, I determined that an informal resolution of the parties' current document disputes was unlikely. With the parties' consent, I construed earlier letter and declaration briefing as a fully-briefed motion to compel. (Text Order, ECF No. 172, Sept. 16, 2024 ("First, the Court must decide [Tripathy's] motion to compel. (ECF No. 135.) The Court construes ECF No. 155 as opposition to this motion and ECF No. 160 as [Tripathy's] reply.").) I now resolve that motion.

## I.   I deny Tripathy's motion to compel for failure to comply with the certification requirement of Rule 37(a)(1).

In discussing discovery disputes during the August 7 conference, I did not deal with two requirements for motions to compel. *First*, as Judge Payson has pointed out to these parties before, "the applicable rules of civil procedure require the parties to confer or attempt to confer in good faith to try to resolve discovery disputes without court intervention before filing a motion to compel." *Tripathy v. Schneider*, No. 21-CV-6392FPG, 2023 WL 7401286, at *3 (W.D.N.Y. Nov. 9, 2023). *Second*, as Judge Payson adds: "To verify that the requirement has been satisfied, Rule 37(a)(1) obligates a party filing a motion to compel to 'include a certification' that the movant has in good faith conferred or attempted to confer with the opposing party or counsel." *Id*. (quoting Fed. R. Civ. P. 37(a)(1)).

Here, I find that the appropriate outcome is to deny Tripathy's motion without prejudice. His motion "does not include the required certification[.]" *Tripathy v. Schneider*, No. 21-CV-6392FPG, 2024 WL 3541353, at *1 (W.D.N.Y. July 24, 2024) (citation omitted) (denying Tripathy's motion to compel for failure to include the Rule 37(a)(1) certification). That certification must be made in the "motion," not follow-up briefing. *Id*. Instead, Tripathy attempts to include it in his reply declaration. (Reply ¶ 8, ECF No. 160, Aug. 6, 2024.) Even if that could work, Tripathy's belated certification falls short.

Tripathy's certification in his reply fails to state that he conferred with "opposing counsel … in an effort to obtain the disputed discovery without court action." *Anzures v. Prologis Texas I LLC*, 300 F.R.D. 314, 315 (W.D. Tex. 2012). Rather, it simply states that "he has on numerous occasions conferred (via Letters file[d] on the Court's docket) with Defense Counsel in good-faith to resolve *Discovery issues* but the parties have failed to make progress." (Reply ¶ 8, ECF No. 160 (emphasis added).) Tripathy must certify that he met and conferred with Defendants' counsel about the specific issues raised in his motion to compel—not discovery issues in general. *See Doe v. Mastoloni*, 307 F.R.D. 305, 313 (D. Conn. 2015) (noting that under that district's local rules, "a movant must confer with opposing counsel and must discuss discovery disputes *in detail* and in good faith" and further noting that the local rule's

requirements parallel those of Fed. R. Civ. P. 37(a) (emphasis in original)); *Big Apple Pyrotechnics v. Sparktacular Inc.*, No. 05 CIV. 9994 KMW/DFE, 2006 WL 587331, at *1 (S.D.N.Y. Mar. 8, 2006) ("'Confer' means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language of a request, (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention.").

And so, Tripathy must meet and confer in good faith with Defendants' counsel about the issues his motion to compel raises.[5] If he has already done so, then he may refile his motion to compel, certifying that he met and conferred in good faith about those specific issues.

## II.   I will not alter my ruling on illegal substances.

While I should not comment on portions of Tripathy's motion to compel on which I have not ruled, there is one issue I can put to bed: Tripathy's discovery requests about "illegal substances." I already ruled on Tripathy's requests for admissions about illegal substances, finding

---

[5] I need not resolve this issue now, but I note that I am uncertain whether Tripathy has met the meet-and-confer requirement. His purported meet-and-confer letter simply demands the discovery he wants. (Letter at 1, 2, ECF No. 114, May 12, 2024 ("The following facts are material and relevant to this controversy and therefore must be addressed … [I]f Defense feels there is a lot of work, they can always settle.").)

them irrelevant to the claims in his complaint. I find it appropriate to deny Tripathy's motion to compel on the merits insofar as it seeks discovery about "illegal substances."

Because Tripathy did not object under Fed. R. Civ. P. 72(a) to my decision granting Defendants a protective order for his requests for admission about illegal substances,[6] my ruling is the law of the case. *See Glogowski v. Organix Indus., Inc.*, No. 06-6575, 2015 WL 13574335, at *9 (W.D.N.Y. June 9, 2015) ("Decisions of magistrate judges to which no party objects become the law of the case." (collecting cases)). "The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks omitted).

In my earlier decision, (ECF No. 121), I found that "references to illegal substances beyond environmental tobacco smoke ("ETS") were

---

[6] My initial decision on Defendants' motion for a protective order was issued orally. (Minute Entry, ECF No. 126, May 29, 2024.) ECF No. 121 is a follow-up decision on Tripathy's motion for reconsideration. (ECF No. 120, May 29, 2024.) Based on a review of the recording of my oral decision, I advised Tripathy about the possibility of appealing my decision to Judge Geraci and advised him that he could do so pursuant to Fed. R. Civ. P. 72(a). Although I later vacated a portion of my order at ECF No. 121, the portion of ECF No. 121 involved in this decision was not vacated. (Order at 1, ECF No. 124, May 30, 2024 (vacating ECF No. 121 "only insofar as" the order was "inconsistent with Judge Geraci's earlier order" that DOCCS could not be added as a defendant).)

only in the context of providing background. They do not make up a part of the substantive claims of [Tripathy's] operative complaint." (*Id*. at 2–3 (quoting Am. Compl. ¶ 7, ECF No. 3, June 11, 2021).) "Apart from that," I noted, "the complaint's claims focus entirely on environmental tobacco smoke," which Tripathy abbreviates "ETS." (*Id*. at 3.) I held that discovery about other illegal substances is irrelevant because Tripathy's claims are predicated on ETS—i.e., *tobacco* smoke. And I noted that: "While discovery is broad and permissive, it must relate to the claims of the operative complaint." (*Id*. (citing Fed. R. Civ. P. 26(b)(1)).) I found in the alternative that Tripathy's "requests for admission about other illegal substances are not proportional to the needs of the case because [his] claims are … about ETS." (*Id*. at 3 n.1.) Accordingly, I determined that Defendants were entitled to a protective order regarding Tripathy's requests for admissions about illegal substances. (*Id*. at 4.) Finally, I declined to award attorneys' fees in connection with granting Defendants a protective order, determining that it would be unjust to do so without first giving Tripathy a warning.

I now find good cause to expand that protective order to any discovery requests, or portions of requests, seeking discovery about "illegal substances." I find as much based on the law of this case and the lack of relevance and proportionality of discovery requests about "illegal substances" under Fed. R. Civ. P. 26(b)(1).

Thus, Defendants may apply for attorneys' fees under Fed. R. Civ. P. 37(a)(5)(B) because I am denying Tripathy's motion to compel on the merits, insofar as it seeks discovery about "illegal substances," and am issuing a protective order. As discussed, I warned Tripathy that this might happen. While I do not find that Rule 11 sanctions are warranted, Tripathy was put on notice about the possibility of having to pay attorneys' fees if he lost another discovery motion. Defendants are directed to file any application for attorneys' fees by no later than November 15, 2024. Briefing shall proceed pursuant to Loc. R. Civ. P. 7(b)(2)(B).

### THE MOTION TO QUASH

As with Tripathy's motion to compel, I deny Defendants' motion to quash on procedural grounds. I find that Defendants' motion to quash fails to state whether Defendants or the third-party recipients of the subpoena are moving to quash.

Before I may resolve a motion to quash, I must address the "threshold issue" of standing. *Esseily v. Giuliani*, 22 F. App'x 77, 78 (2d Cir. 2001) (summary order). "The party moving to quash … must have standing." *Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, 251–52 (W.D.N.Y. 2018). If Defendants are moving to quash, they must demonstrate "a personal privilege or right." *Id.* (quotation omitted). If DOCCS is moving to quash, this is presumed. But I cannot evaluate standing if I do not know who is bringing the motion to quash.

Here, the notice of motion indicates that "the served Defendants" are moving to quash. (Not. of Mot. at 1, ECF No. 163, Aug. 7, 2024.) Defendants' counsel has used "served Defendants" before to refer to parties to this case. (Letter, ECF No. 87, Mar. 22, 2024 ("Regarding discovery: please note that the served Defendants will respond to your discovery demands.").) Confusingly, Defendants' counsel filed a declaration and memorandum of law supporting the motion to quash, both of which state that they are made "in support of DOCCS' non-party motion to quash." (Halliyadde Decl. ¶ 1, ECF No. 163-1; Mem. of Law at 1, ECF No. 163-2 (noting that non-party DOCCS was submitting a memorandum of law "through Defendants' counsel").) Further muddying the waters, the docket entry for the motion to quash seems to indicate the motion is being brought by Defendants.

I find it appropriate to deny Defendants' motion to quash with leave to renew. Defendants must clarify whether they or DOCCS are moving to quash and must address standing.

The Second Circuit expects a quick resolution of this issue. *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) ("Rule 45 contemplates assertion of all objections to document production within 14 days[.]"). To avoid timeliness issues, Defendants must renew their motion to quash within seven days of this order.

## CONCLUSION

For these reasons, I **DENY** the pending Rule 11 motions, (ECF Nos. 167 & 169), noting that I have issued a warning to Tripathy. I further **DENY** Tripathy's motion to compel, (ECF No. 135), and Defendants' motion to quash. (ECF No. 163.) Tripathy may file a new motion to compel, but as noted, I will not reconsider my ruling on requests about illegal substances. Because I have denied Tripathy's motion to compel outright with respect to illegal substances and issued a protective order, Defendants may file an application for attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(B) by no later than November 15, 2024. Briefing shall proceed pursuant to Loc. R. Civ. P. 7(b)(2)(B). As for the motion to quash, Defendants must renew their motion to quash within seven days of the date of this order.

I further **DENY as MOOT** Tripathy's requests for oral argument and a hearing along with Tripathy's application to sur-reply. (ECF No. 174, Sept. 17, 2024.) Briefing on Defendants' renewed motion to quash shall proceed pursuant to Loc. R. Civ. P. 7(b)(2)(B).

**IT IS SO ORDERED.**

Dated:     October 18, 2024
          Rochester, NY       */s/ Mark W. Pedersen*
                                  MARK W. PEDERSEN
                                  United States Magistrate Judge