UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Sanjay Tripathy,**

        Plaintiff,

v.

**Andrea N. Schneider, et al.,**

        Defendants.

**DECISION and ORDER**

21-cv-6339-FPG-MJP

---

## APPEARANCES

**For Plaintiff:**  **Sanjay Tripathy,** *pro se*
2013 Jadewood Drive
Morrisville, NC 27560

**For Defendants:**  **Muditha Halliyadde, Esq.**
Assistant Attorney General
Office of the Attorney General
Rochester Regional Office
144 Exchange Blvd, Ste 200
Rochester, NY 14614

## INTRODUCTION

**Pedersen, M.J.** Defendants move for an award of fees stemming from my earlier decision and order denying *pro se* Plaintiff Sanjay Tripathy's motion to compel. (D&O, ECF No. 182, Oct. 18, 2024.) Defendants seek $2,250 in fees. (Halliyadde Decl. ¶ 5, ECF No. 188, Oct. 25, 2024.) Tripathy opposes. (ECF No. 199, Nov. 22, 2024.) Although Tripathy is unrepresented, because I gave him adequate warning of the

1

possibility of fees, I **GRANT** Defendants' application for fees. However, I have determined that I will award a reduced amount of fees.

## BACKGROUND

In my most recent decision and order, I ruled on Tripathy's motion to compel. I found that Tripathy's continued discovery requests and his motion to compel discovery about "illegal substances" warranted imposition of attorneys' fees.[1] (D&O at 21–23, ECF No. 182, Oct. 18, 2024.) I denied the balance of Tripathy's motion for failure to include the certification required under Rule 37(a)(1). (*Id.* at 18–20.) My authority for imposing fees thus comes from Fed. R. Civ. P. 37(a)(5)(B) because Tripathy lost his motion to compel in full.

Earlier in this case, I denied Defendants' request for attorneys' fees on a similar discovery motion (involving similar discovery requests) that Tripathy lost. (Order, ECF No. 121, May 29, 2024.) I found that Tripathy's *pro se* status would shield him from mandatory attorneys' fees under Rule 37. (*Id.* at 4.) But I noted that "[i]f Defendants bring discovery motions in the future, though, the Court will be inclined to award attorneys' fees" to Defendants. (*Id.*) So, I warned Tripathy that he could face attorneys' fees down the road.

---

[1] Despite making this finding, below, I respond to Tripathy's arguments against an award of fees.

2

## APPLICABLE LAW

The Second Circuit directs district courts "to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney[s'] fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis in original). The "starting point," however, is a calculation of the "lodestar" figure. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error."). It is the starting point because "the Supreme Court's directive that fee award calculations be 'objective and reviewable,' implies [that] the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure." *Id.* at 166–67 (alteration added) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 555 (2010)).

Courts calculate the "lodestar" figure by "multiply[ing] 'the number of hours reasonably expended' by a 'reasonable hourly rate.'" *Schneider on behalf of A.T. v. City of Buffalo*, No. 18-CV-1431V(SR), 2021 WL 5042502, at *3 (W.D.N.Y. Oct. 29, 2021) (alteration added) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once calculated, there is a "strong presumption" that the lodestar figure is reasonable, but this presumption "may be overcome in those rare circumstances in which the

3

lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Ceglia v. Zuckerberg*, No. 10-CV-00569A F, 2012 WL 503810, at *4 n.6 (W.D.N.Y. Feb. 14, 2012) (citing *Perdue*, 559 U.S. at 554); *see also McPhaul v. Insight Mgmt. Partners*, No. 1:19-CV-1392, 2022 WL 542534, at *2 (W.D.N.Y. Feb. 23, 2022) ("Generally, the 'lodestar' creates a presumptively reasonable fee, guided by the *Arbor Hill* factors.").

Courts may additionally consider the *Arbor Hill* factors to determine if the lodestar method has produced a reasonable fee. *See McPhaul*, 2022 WL 542534, at *3 ("The court may then adjust the lodestar amount, factoring in the *Arbor Hill* considerations."). Finally, given "the district court's familiarity with the quality of representation and the extent of the litigation, the decision whether to award fees and the amount of fees awarded are issues generally confined to the sound discretion of the court." *Cush-Crawford v. Adchem Corp.*, 94 F. Supp. 2d 294, 301 (E.D.N.Y. 2000), *aff'd*, 271 F.3d 352 (2d Cir. 2001) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)).

## DISCUSSION

Attorneys' fees are warranted here because Tripathy lost his motion to compel. Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who

4

opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."). Tripathy had the opportunity to be heard by submitting opposition. I thus turn to Defendants' application for fees.

### *Defendants provide inadequate documentation.*

Documentation is generally considered when analyzing reasonable hours billed. *See, e.g., Martinez v. City of New York*, 330 F.R.D. 60, 71–72 (E.D.N.Y. 2019); *Godson v. Eltman, Eltman & Cooper, P.C.*, 328 F.R.D. 35, 62–63 (W.D.N.Y. 2018). I discuss documentation separately given the unique issue of awarding fees to the New York State Attorney General's Office. To calculate any fee, the "requesting party" must "submit evidence supporting the number of hours worked and the hourly rate claimed." *New York v. Grand River Enterprises Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL 4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (citing *Hensley*, 461 U.S. at 433).

To satisfy this requirement, attorneys "should include 'contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)). But as I have found, "while contemporaneous time records are ordinarily required for an award of fees, alternative methods of calculating such fees may be utilized where such records are not ordinarily maintained." *Equal Emp. Opportunity Comm'n v. Green Lantern*

5

*Inn, Inc.*, No. 19-CV-06704-FPG-MJP, 2022 WL 1467820, at *6 (W.D.N.Y. May 10, 2022) (quoting *S.E.C. v. Smith*, 798 F. Supp. 2d 412, 439 (N.D.N.Y. 2011)).

Here, the Attorney General's office prepared an exhibit showing the dates counsel worked on this case, the amount of time billed, and the tasks performed. (Halliyadde Decl. ¶ 4 & Ex. A, ECF No. 188.) While this is not a contemporaneously created time record, I understand that because the Attorney General's office is a government agency only an estimate of time may be available. Still, I note that counsel has not included any statement of *why* her timekeeping is accurate. By contrast, in *Green Lantern Inn*, I found sufficient documentation by a government agency where the agency attorney stated that her "estimate [was] based on my review of my files, my Westlaw research history, my calendar during the relevant period of time, and my experience … of conducting legal research and drafting briefs." *Green Lantern Inn*, 2022 WL 1467820, at *6 (alteration added).

Because counsel has not stated her method of calculating such fees, I decline to award the full amount of fees. However, I find that counsel provided sufficient evidence supporting the number of hours she worked to warrant an award of a reduced amount of fees.

### *Defendants' proposed hourly rate is reasonable.*

About her hourly rate, Defendants' counsel states: "I am an experienced litigator in state and federal court, having practiced law for

6

approximately eight years, three of which I have spent litigating civil rights cases at the New York State Office of the Attorney General ("OAG") in Rochester." (Halliyadde Decl. ¶ 6, ECF No. 188.) Counsel asks for a rate of $250 per hour. I find this rate reasonable.

"[D]etermination of a reasonable hourly rate 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.'" *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (alteration added) (quoting *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)). Such market rates "should be current rather than historic hourly rates." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (cleaned up) (quoting *Gierlinger*, 160 F.3d at 882).

In past cases, this Court has found rates of $200 to $250 appropriate for newer attorneys. *See, e.g., Grand River Enterprises*, 2021 WL 4958653, at *4 (finding a $200 per hour rate reasonable in the Western District for newer attorneys); *see also DIRECTV, LLC v. Wright*, No. 1:15-CV-00474-FPG, 2020 WL 289156, at *2 (W.D.N.Y. Jan. 21, 2020) (finding that $250 is reasonable for associate attorney with six or seven years of experience). As an attorney with eight years of experience, Defendants' counsel is not a "newer attorney" under my reading of relevant

7

case law. Rather, she is at approximately the level of an experienced associate. Indeed, this Court recently found a higher hourly rate appropriate for an attorney with the same amount of experience. *See Bd. of Trustees of Bricklayers & Allied Craftworkers Loc. 3, New York (Rochester Chapter) Pension Fund v. Upstate Specialty Coatings LLC,* No. 23-CV-06250-FPG, 2024 WL 376652, at *8 (W.D.N.Y. Feb. 1, 2024) (awarding $285 to a junior attorney with eight years' experience). Thus, I find Defendants' counsel's proposed rate reasonable.

Defendants' counsel's proposed rate is likewise reasonable because "fees awarded as sanctions are not intended only as compensation of reimbursement for legal services, but also serve to deter abusive litigation practices." *Ceglia*, 2012 WL 503810, at *7. For these reasons, I find that a $250 hourly rate is "a reasonably rate that is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Green Lantern Inn, Inc.*, 2022 WL 1467820, at *8.

### *Defendants' hours expended are reasonable but lack some necessary detail.*

Next, I must consider the "reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. "To determine the reasonableness of the hours spent on the litigation, the court must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" *Godson*,

8

328 F.R.D. at 63 (quoting *McLaughlin v. IDT Energy*, No. 14CV4107EN-VRML, 2018 WL 3642627, at *18 (E.D.N.Y. July 30, 2018)). "The relevant issue, however, is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

I am persuaded that Defendants generally seek compensation only for hours that were "reasonably necessary." *Martinez*, 330 F.R.D. at 72 (quoting *Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012)). In reviewing Defendants' time spent, (Halliyadde Decl. Ex. A, ECF No. 188), I find the total hours expended reasonable based on the type of motion involved here and the large number of discovery requests involved. But I note that many entries lack detail about the specific portion of the motion that Defendants' counsel was addressing.

Here, I exercise my discretion "to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch*, 148 F.3d at 173). This is appropriate where, as here, "entries on a time sheet are vague or duplicative or otherwise insufficient[.]" *Martinez*, 330 F.R.D. at 72 (quoting *T.S. Haulers, Inc. v. Cardinale*, No. 09 CV 451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011)). Given the

9

vague time entries and insufficient documentation that I discussed above, I reduce the fee award by a total of 25%.

***Tripathy's arguments against a fee award are unavailing.***

In a document that appears to contain a good deal of cut-and-paste from other filings in this case, Tripathy opposes Defendants' application for fees. I begin with this: Opposition to Defendants' fee application is not the place for Tripathy to rehash arguments about his innocence and prosecutorial misconduct. Indeed, formulaic arguments opposing attorneys' fees are dangerous because a fees award "is mandatory unless one of the conditions for not making an award is found to exist[.]" *Andres v. Town of Wheatfield*, No. 1:17-CV-00377-CCR, 2023 WL 4634836, at *3 (W.D.N.Y. July 20, 2023) (quotation omitted). Arguments irrelevant to those conditions are unhelpful.

Here, Tripathy does argue that an award of fees would be unjust. This is one of the exceptions under Fed. R. Civ. P. 37(a)(5)(B). *First*, Tripathy states that he has received no "direct income" since July 2016, when he was indicted on state charges. (Tripathy Decl. ¶ 3, ECF No. 199, Nov. 22, 2024.) *Second*, he adds—as he does in every filing—that he "is ProSe [sic], neither a lawyer nor trained in the law, fighting for his civil rights against Defendants under the color of law, repeatedly acting unconstitutionally, in both their official and individual capacity." (*Id.* ¶ 4.) *Third*, Tripathy argues that he "has always tried in good faith to work with [the] Defense and was also willing to work with DOCCS,

10

but it has been procedurally and logistically extremely burdensome to resolve the issues, without intervention of the Court." (Mem. of Law at 8 ¶ 8, ECF No. 199.) I take this to mean that a fees award would pose some burden, although Tripathy is not specific.

I disagree. Tripathy has not applied for *in forma pauperis* status in this case. Based on this case and others, he undoubtedly has the financial ability to sue and appeal. And he has not argued that he would be unable to pay Defendants' attorneys' fees. Critically, there is no mandate against requiring a *pro se* litigant to pay attorneys' fees. *See Keitel v. D'Agostino,* No. 21-CV-8537 (JMF), 2023 WL 3560553, at *4 (S.D.N.Y. May 19, 2023) ("[C]ourts may order pro se litigants to pay attorneys' fees — particularly if they are, as [plaintiff] is, serial litigators. (citation omitted)); *see also, e.g., Martin v. Performance Trans., Inc.*, No. 17-CV-6471-DGL-MJP, 2022 WL 831334 (W.D.N.Y. Mar. 21, 2022) (ordering *pro se* plaintiff to pay attorneys' fees based on sanctionable conduct). Finally, I warned Tripathy in my earlier order that he could have to pay attorneys' fees if he lost another discovery motion. On this record, I find that Tripathy has filed to meet his burden "to avoid assessment of expenses and fees." *Andres*, 2023 WL 4634836, at *3 (quotation omitted). And so, I will impose attorneys' fees.

## CONCLUSION

For these reasons, I **GRANT** Defendants' motion for fees, awarding the reduced amount of $1,687.50. This represents a 25% reduction because of vague time entries and insufficient documentation.

I direct the Clerk of the Court to enter judgment for Defendants in the amount of $1,687.50 against Tripathy. Tripathy must pay this amount within 30 days of the date of this order. Failure to do so may result in additional sanctions, up to and including my recommendation that the presiding District Judge dismiss this case.

**IT IS SO ORDERED.**

Dated:   December 18, 2024
         Rochester, NY          /s/ *Mark W. Pedersen*
                                MARK W. PEDERSEN
                                United States Magistrate Judge