## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

**Sanjay Tripathy,**

Plaintiff,

v.

**Andrea N. Schneider, et al.,**

Defendants.

**DECISION and ORDER**

21-cv-6339-FPG-MJP

## INTRODUCTION

**Pedersen, M.J.** Plaintiff *pro se* Sanjay Tripathy moves for reconsideration of my earlier decision awarding Defendants attorney fees. (D&O, ECF No. 210, Dec. 18, 2024.) Because his arguments should have been raised in opposition to Defendants' fees application, his motion is too little too late and I therefore **DENY** it.

## BACKGROUND

I assume familiarity with the procedural history of this case before my recent decision and order finding that Defendants should receive attorney fees. (ECF No. 182, Oct. 18, 2024.) There, I denied the parties' dueling Rule 11 motions. (*Id*. at 6–17.) But I admonished Tripathy "that any future violations of the Rules of Federal Civil Procedure, including Rule 11, or the Local Rules of Civil Procedure of this Court may result in monetary sanctions, in dismissal of this action, or in other appropriate sanctions." (*Id*. at 15.) I told Tripathy that I now consider him "on

1

notice that he must follow all Federal Rules of Civil Procedure and Local Rules of Civil Procedure. If he violates any rule such that sanctions are warranted, he has been given the warnings to which he is entitled." (*Id.* (emphasis removed).)

I likewise denied Tripathy's motion to compel.[1] First, Tripathy failed to include the certification required by Fed. R. Civ. P. 37(a)(1). (*Id.* at 18–20.) Although Tripathy submitted a certification in his reply, I found it insufficient. (*Id.* at 19–20.) Next, I addressed Tripathy's continued request for discovery about "illegal substances." I first noted how Tripathy failed to challenge my earlier ruling[2] denying him discovery on illegal substances. I thus concluded that Tripathy could not compel disclosures regarding illegal substances that he never mentioned in his complaint. (*Id.* at 21–22.) I found appropriate an award of attorney fees: "Thus, Defendants may apply for attorney[] fees under Fed. R. Civ. P. 37(a)(5)(B) because I am denying Tripathy's motion to compel on the

---

[1] The motion to compel is located at ECF No. 135.

[2] As such, Tripathy has likely lost his ability to appeal my ruling to the Second Circuit: "Failure to object to a magistrate judge's ruling concerning a non-dispositive motion forfeits the right to any further review of that decision, either by the district court or on appeal." *Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583, 585 (2d Cir. 2003) (citing *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993)); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("Accordingly, we hold that a *pro se* litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order, even absent express notice from the magistrate judge that failure to object … will preclude appellate review.").

merits, insofar as it seeks discovery about 'illegal substances,' and am issuing a protective order." (*Id.* at 23.)

Tripathy now moves for reconsideration of that ruling. (ECF No. 212, Dec. 25, 2024.) He does not disagree with the amount I later calculated for Defendants' attorney fees.[3] Instead, he asks for "a reduction, deferment, or installment plan for the payment of this award due to financial hardship, ongoing appeals, related litigation, and the potential for settlement." (*Id.* at 1.) Defendants oppose, contending that "the Court clearly addressed all arguments that [Tripathy] raises in his recent motion" for reconsideration. (Halliyadde Decl. in Oppn. ¶ 3, ECF No. 213, Dec. 27, 2024 (citing D&O, ECF No. 210).) I construe Tripathy's motion as seeking reconsideration under Fed. R. Civ. P. 60(b).

## LEGAL STANDARD

Under Fed. R. Civ. P. 60(b), Tripathy must identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted). This standard "is strict," and, relevant here,

---

[3] For clarity, I found fees should be awarded in a decision and order located at ECF No. 182 and calculated the appropriate award in a separate decision and order at ECF No. 210. It is possible that Tripathy should have moved for reconsideration after my initial decision that fees were warranted, but I have nonetheless decided I will consider his motion for reconsideration on the merits. In any event, Defendants have not raised this issue.

"reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Whether to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Abu Dhabi Com. Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012).

## DISCUSSION

Because Tripathy's arguments for reconsideration are a rehash of arguments he already raised—or could have raised—in opposition to Defendants' fees application, I deny his motion. Moreover, I find no manifest injustice in my earlier decision and order awarding fees.

Tripathy first argues that "[i]mposing the full fee award at this time would cause significant financial hardship." (Decl. in Supp. of Reconsideration Mot. at 2, ECF No. 212.) He raises his appeals and other cases, perhaps to show that the Court's decision to impose fees could make his other cases financially difficult to maintain.[4]

---

[4] The Court has doubts about this claim. As Defendants point out, Tripathy "recently completed deposing six individuals in one of his other cases which also shows his financial capability to afford payments for such depositions." (Halliyadde Decl. in Oppn. ¶ 6, ECF No. 213.) Likewise, Tripathy has repeatedly "expresse[d] his intent to further engage in appeals and litigation which clearly shows his financial ability to sue and appeal." (*Id.* ¶ 5.)

Maybe so, but in my view, Tripathy failed to follow my earlier ruling that illegal substances are irrelevant to his case by moving to compel discovery responses about them.[5] As the Second Circuit has recognized, all litigants—including *pro se* litigants—must follow court rulings. *See McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."); *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). In this case, that consequence is attorney fees stemming from a failed motion to compel.

And so, a host of cases hold that a party's "*pro se* status does not shield" him or her "from the sanction of attorney[] fees." *See, e.g., Deloache-Holford v. Liberty Mut. Ins.*, No. 08 CV 1792 (SJF)(LB), 2010 WL 2787626, at *3 (E.D.N.Y. May 25, 2010), *report and recommendation adopted as modified*, No. 08-CV-1792(SJF)(WDW), 2010 WL 2787622 (E.D.N.Y. July 9, 2010); *LeGrande v. Adecco*, 233 F.R.D. 253, 257–58 (N.D.N.Y. 2005). Unfortunately, poverty is not a bar to the imposition of sanctions. *See, e.g., Deloache-Holford*, 2010 WL 2787626, at *3; *Baker v.*

---

[5] The Court's earlier order was unambiguous. Thus, the Court will not consider Tripathy's argument about his disagreement with the Court's earlier rulings on the question of the relevance of illegal substances.

*Ace Advertisers' Serv., Inc.*, 134 F.R.D. 65, 74 (S.D.N.Y. 1991), *report and recommendation adopted*, 153 F.R.D. 38 (S.D.N.Y. 1992) (observing that "defendants should not be asked to shoulder the economic burden of plaintiff's willful misconduct" and requiring *pro se* plaintiff to pay the expenses, including attorney fees, incurred as a result of defendants' Rule 37 motion).

Second, although it is likewise a recapitulation, Tripathy does hone his argument on exoneration and unjust conviction, noting that "[t]hese circumstances further warrant lenience regarding the fee award." (Decl. in Supp. of Reconsideration Mot. at 4, ECF No. 212.) But this argument misses the mark. Even the most sympathetic litigant with a meritorious case will be sanctioned if he or she fails to follow a court directive or loses a discovery motion.

And so, this case is straightforward as far as attorney fees are concerned. *First*, I ruled that illegal substances are not relevant because they are not mentioned (except in passing) in Tripathy's complaint. This decision fell well within the text of Fed. R. Civ. P. 26. *Second*, in that same decision, I warned Tripathy that if he lost another discovery motion, he would face attorney fees. *Third*, Tripathy did not appeal or otherwise challenge that decision. *Fourth*, Tripathy moved to compel discovery about illegal substances. But I saw no reason to alter my earlier ruling, leading to Tripathy losing his motion to compel. (Tripathy lost

the balance of his motion to compel for failure to include the certification required by Fed. R. Civ. P. 37(a)(1)). In sum, Defendants should receive attorney fees.

Tripathy has likewise presented no new reason for the Court to reconsider its decision awarding fees and directing entry of judgment. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (explaining that a motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'"). Tripathy thus fails to meet his burden on his latest motion to reconsider.

## CONCLUSION

For these reasons, I deny Tripathy's motion for reconsideration**.** Tripathy must pay attorney fees as provided for in my earlier decision and order.[6]

**IT IS SO ORDERED.**

Dated:    January 13, 2025
          Rochester, NY          */s/ Mark W. Pedersen*
                                 MARK W. PEDERSEN
                                 United States Magistrate Judge

---

[6] Defendants may, but are not required, to negotiate a payment plan or other deferment of the fees award.