## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

**Sanjay Tripathy,**

Plaintiff,

v.

**Andrea N. Schneider, et al.,**

Defendants.

**DECISION and ORDER**

21-cv-6339-FPG-MJP

---

### INTRODUCTION

**Pedersen, M.J.** Plaintiff *pro se* Sanjay Tripathy moves to compel responses to several of his discovery requests from Defendants in this case. This case involves Tripathy's exposure to environmental tobacco smoke while incarcerated at Gowanda Correctional Facility. Tripathy alleges that he suffered adverse health effects from environmental tobacco smoke. He further alleges that his religion requires him to avoid all tobacco products.

Thus, this case involves Tripathy's challenge to his conditions of confinement at Gowanda Correctional Facility. Tripathy alleges that DOCCS officers failed to mitigate his exposure to environmental tobacco smoke. For the reasons that follow, I grant in part, deny in part, and reserve in part on Tripathy's motion to compel.

1

# BACKGROUND

I assume familiarity with my most recent discovery decision and order, (ECF No. 182, Oct. 18, 2024), and with the satellite litigation about attorneys' fees that followed. (D&Os, ECF Nos. 210, 220, & 224, Dec. 18, 2024, Jan. 13, 2025, Jan. 16, 2025.) Before turning to the procedural history of Tripathy's current motion to compel, one item is worth discussing regarding Defendants' successful application for attorneys' fees against Tripathy.

### *Tripathy purports to withdraw his consent to my involvement in this case.*

Defendants moved to stay deadlines in this case, (ECF No. 225, Feb. 26, 2025), pending my decision on Defendants' motion to quash, (ECF No. 189, Oct. 25, 2024), and Tripathy's motion to compel. (ECF No. 217, Dec. 30, 2024.) Because Tripathy did not oppose that motion, and since I found good cause to do so, I granted Defendants' motion for a stay. (Text Order, ECF No. 226, Feb. 26, 2025.)

Tripathy emailed Chambers the same day, stating that he had "withdrawn" consent for a magistrate judge to handle his case on January 14, 2024. (Email, on file.) Tripathy attached a PDF document purporting to request reassignment of this case to another magistrate judge.

Until Judge Geraci vacates his order referring all pretrial, non-dispositive, matters to me, (Text Order, ECF No. 55, Oct. 10, 2023), I will continue to issue rulings under my authority as a magistrate judge.

The PDF document Tripathy attached to an email to my chambers was created by (and sent by Tripathy to) the Western District of Wisconsin. Judge Geraci and I thus had no reason to be aware of Tripathy's purported withdrawal of consent until Tripathy's February 26 email. In any event, the PDF document prepared by the Western District of Wisconsin plainly applies to consent jurisdiction cases, not referrals to magistrate judges.

Next, my law clerk explained to Tripathy in an email that a district judge does not need a litigant's consent to refer a case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). So my law clerk informed Tripathy that I would continue to oversee pretrial matters in this case until Judge Geraci vacates his earlier referral order. While nothing has changed, I take this opportunity to memorialize my staff's communications with Tripathy.

### After the parties cannot resolve their discovery disputes informally, I permit Tripathy to move to compel.

After attempting to resolve the parties' discovery disputes informally, which included ordering the parties to meet-and-confer, Tripathy filed a declaration requesting a court conference. (Decl. at 1, ECF No. 207, Dec. 16, 2024 ("Pro se Plaintiff, Sanjay Tripathy, respectfully requests the Court's intervention to resolve an impasse in discovery.").) Defendants construed this declaration as a motion to compel. I

disagreed, opting to construe ECF No. 207 "as a request for an informal conference." (Text Order, ECF No. 209, Dec. 18, 2024.)

I determined that my law clerk should hold a conference with the parties to (1) try to achieve compromise or (2) understand the parties' positions about Tripathy's discovery demands to rule on any forthcoming motion to compel. Accordingly, the parties met with my law clerk for a teleconference on December 27, 2024. (*See* Text Order, ECF No. 216, Dec. 30, 2024.) The parties did not resolve their discovery disputes. So I directed that for the matters Tripathy had raised in ECF No. 207 he could move to compel and could also move to extend discovery deadlines in this case. (*Id.*) Tripathy moved to compel the same day. (ECF No. 217.) Defendants opposed. (ECF No. 218, Jan. 3, 2023.) Tripathy replied. (ECF No. 219, Jan. 3, 2025.)

### *Tripathy moves to compel discovery on three topics.*

Tripathy's motion to compel deals with three discovery disputes, which I later discuss in detail. For now, I note that the parties have met the meet-and-confer requirement. The docket shows earlier efforts to resolve their disputes and documents the parties' meet-and-confer that my law clerk oversaw.

## APPLICABLE LAW

I have broad discretion in deciding a motion to compel. *Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999). Two rules,

Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37, govern motions to compel. I begin with Rule 37.

Fed. R. Civ. P. 37(a)(1) states: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." When evaluating a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). A party may move to compel a disclosure where the opposing party has failed to make a required disclosure under Fed. R. Civ. P. 26(b)(1) or may compel a more complete response where the opposing party has failed to provide one.

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" To evaluate whether document discovery is "proportional," the Court examines "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

As the text of Rule 26 suggests, "[d]iscovery in federal court is broad and permissive." *In re Air Crash Near Clarence Ctr., N.Y. on Feb. 21, 2009*, 277 F.R.D. 251, 253 (W.D.N.Y. 2011). Indeed, what a party

seeks in discovery need not be admissible at trial. *Barrett v. City of N.Y.*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006).

Still, the party moving to compel bears the burden of showing that the discovery sought meets the Rule 26 relevance standard. *Gilead Scis., Inc. v. Safe Chain Sols. LLC*, 345 F.R.D. 12, 20 (E.D.N.Y. 2023). Thus, the party seeking discovery must make some showing that the discovery it wants, first, "has any tendency to make a fact more or less probable than it would be without the evidence," and second, "the fact is of consequence in determining the action." *Id.* (internal quotation marks omitted) (quoting *Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)). Put another way, "[p]roportionality goes 'hand-in-hand' with relevance." *United States v. Veeraswamy*, 347 F.R.D. 591, 598 (E.D.N.Y. 2024) (quotation omitted). This means that "the more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate." *Id.* (quotation omitted). And so, "while the scope of discovery is 'broad,' it is not 'limitless.'" *Id.* (quotation omitted).

## DISCUSSION

To summarize, I deny in full Tripathy's request for additional tobacco sales data and for a subpoena to be issued to Gowanda commissary vendors or suppliers. I grant Tripathy's request to extend discovery only as to timely make his request for a layout of the dorm where he was housed at Gowanda. I do not yet compel production of that layout; I

grant Defendants' request for *in camera* review and have issued additional directives. Finally, I grant Tripathy's motion to compel insofar as it seeks discovery of ETS-related disciplinary tickets of his dorm-mates.

I am ruling on Tripathy's motion on the merits despite the apparent lack of a certification pursuant to Rule 37(a)(1). I find that further efforts to resolve this dispute would be futile. I also find that the parties did meet and confer, including during a conference call that my law clerk oversaw. In my discretion, I will afford Tripathy leeway on this issue. *See Almenteros v. Eckert*, No. 6:22-CV-06236 EAW CDH, 2025 WL 669513, at *2 n.1 (W.D.N.Y. Mar. 3, 2025) ("While Plaintiff has not included this certification, 'courts have discretion in determining a moving party's compliance with Rule 37(a)(1) and generally accord some leeway to *pro se* [litigants]." (alteration added) (quoting *Woodward v. Holtzman*, No. 16-CV-1023A(F), 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018))). But Tripathy must include a certification if he brings another motion to compel.

### I deny in full Tripathy's request to compel tobacco sales data.

Tripathy "seeks data regarding the availability and sale of tobacco products at Gowanda CF." (Mot. to Compel at 7, ECF No. 217.) Tripathy reasons that "[t]his information is essential to establishing a reasonable estimate of tobacco consumption and the percentage of smokers at the facility during Plaintiff's incarceration." (*Id.*) Alternatively, Tripathy "requests comparable data to estimate the sale/consumption of

tobacco amongst inmates. This information will allow for a reasonable estimation of ETS availability at Gowanda CF." (*Id.*) I deny this request.

### I find nothing to compel with regard to Tripathy's request for additional tobacco sales discovery from Gowanda.

Regarding Tripathy's request about Gowanda tobacco sales, Defendants argue that they have produced what they could locate after good faith efforts. (Mem. of Law in Opp'n at 3–4, ECF No. 218-1.) I agree.

On this record, I deny Tripathy's motion to compel insofar as it seeks additional discovery about Gowanda tobacco sales. Defendants made good faith efforts to locate and provide the discovery Tripathy requested. Courts consider it appropriate for a defendant to provide a sworn statement "that no responsive materials exist." *Owens v. Novia*, No. 3:16CV898(RNC), 2018 WL 3079469, at *1 n.2 (D. Conn. June 21, 2018). After all, I "cannot compel production of documents that do not exist[.]" *Tripathy v. Schneider*, No. 21-CV-6392FPG, 2023 WL 7401286, at *5 (W.D.N.Y. Nov. 9, 2023) (citing *Breedlove v. Mandell*, No. 05-CV-6279P, 2008 WL 596864, at *2 (W.D.N.Y. Feb. 29, 2008)), *reconsideration denied,* 2023 WL 8030292 (W.D.N.Y. Nov. 20, 2023).

In this case, the declaration of Jennifer Schindler ("Schindler Decl."[1]) demonstrates that Defendants made good faith efforts to comply

---

[1] Attached as Exhibit A to Defendants' response to Tripathy's deficiency letter dated December 2, 2024.

with Tripathy's discovery request about tobacco sales and produced what they could. (ECF No. 204.) To begin, the Schindler declaration recounts Ms. Schindler's personal knowledge as a records custodian for Collins Correctional Facility. (*Id.* ¶¶ 1–2.) The declaration clarifies that, upon Gowanda's closing, its records were transferred to Collins Correctional Facility. (*Id.* ¶ 4.) Schindler states that Defendants "produced all available Gowanda commissary receipts attached to the November 25, 2024, Declaration of Andrea Nicaud." (*Id.* ¶ 5.) Finally, the declaration indicates that Defendants conducted a search of Gowanda records available at Collins "and determined that DOCCS does not possess records reflecting tobacco purchases made by the facility, such as vendor purchase orders, inventory records, or receiving records, nor does DOCCS possess records reflecting Gowanda tobacco sales beyond what has been previously disclosed." (*Id.* ¶ 6.)

Absent some further evidence from Tripathy that DOCCS does possess additional records, I see nothing to compel. *See Tripathy v. Schneider*, No. 21-CV-6392FPG, 2024 WL 3445745, at *5 (W.D.N.Y. June 21, 2024) ("I agree with defendants that they cannot be compelled to produce documents that are not within their possession, custody or control (including those not within the possession, custody or control of DOCCS), and Domery's affidavit sufficiently establishes that neither the individual defendants nor DOCCS possess any Covid-19 audits

conducted by DOCCS or by any outside individuals or agencies."), *report and recommendation adopted*, 2024 WL 3444289 (W.D.N.Y. July 17, 2024). Accordingly, I deny Tripathy's motion insofar as it seeks additional tobacco sales records from Gowanda.

### I deny Tripathy's request for "comparable data" as not proportional to the needs of this case.

I turn next to Tripathy's alternative request for discovery from what he calls "comparable data," which Tripathy describes as:

> comparable data to estimate the sale/consumption of tobacco amongst inmates. This information will allow for a reasonable estimation of ETS availability at Gowanda CF.

(Mot. to Compel at 7, ECF No. 217.) Defendants oppose this alternative request first because it is a new request made outside the applicable deadline for discovery. I decline to adopt this argument, but I ultimately agree with Defendants that they should not be compelled to respond further to Tripathy's request.

I have several reasons for denying Tripathy's request to compel Defendants to produce "comparable data." Tripathy contends that he needs this data "to establish excessive ETS at Gowanda" because his deposition of "Defendant Zagst [ ] did not provide this factual information." (Reply at 4, ECF No. 219.) As noted, relevance and proportionality go hand in hand. *Vaigasi*, 2016 WL 616386, at *11 ("Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the

information in issue, the less likely its discovery will be found to be disproportionate." (citation omitted)).

While "comparable data" might have some attenuated bearing on ETS at Gowanda, I cannot find that allowing such a broad request is proportional to the needs of this case. Tripathy had the chance to depose a DOCCS officer with personal knowledge about ETS at Gowanda. That Tripathy did not receive the answers he would like does not change the reality that Tripathy had the opportunity to pursue discovery. Further, Defendants have provided Tripathy with commissary receipts.

On this record, I find Tripathy's request disproportional to the needs of this case because it is overbroad and burdensome. *See Tripathy*, 2023 WL 7401286, at *4 (holding that production of visit logs to facility where Tripathy was housed was "not proportional to the needs of the case" because "at most the logs would establish" only an attenuated relationship between Tripathy and the defendants). I thus decline to compel Defendants to produce additional documents in response to Tripathy's alternative request for "comparative data."

### I deny Tripathy's request for a subpoena to obtain "comparable data" or other discovery.

Tripathy notes that "a third party subpoena to the vendors/suppliers of Tobacco Products to Gowanda CF/DOCCS, along with DOCCS inmate numbers could also be used to obtain such information." (Mot. to Compel at 7, ECF No. 217.) To my knowledge, Tripathy has not

11

requested such a subpoena, nor has he asked this Court to enforce one.
Tripathy should be aware of the Court's procedure for issuing subpoenas
as he obtained a subpoena earlier in this case. (ECF No. 153, July 31,
2024.)

Thus, to the extent that Tripathy requests that I direct the issu-
ance of a subpoena, his request is denied. Tripathy must make this re-
quest to the Clerk of the Court, as he did before. *See Richard v. New
York City Dep't of Educ.*, No. 16-CV-957 (MKB), 2022 WL 4273849, at
*1 (E.D.N.Y. Sept. 15, 2022) ("As an initial matter, Plaintiff failed to
comply with Rule 45 of the Federal Rules of Civil Procedure, which re-
quires Plaintiff to direct his request to the Clerk of Court." (collecting
cases)); *see also* Fed. R. Civ. P. 45(a)(3) (noting that "[t]he clerk must
issue a subpoena[]"). Since Tripathy "is not proceeding *in forma pau-
peris*, the Court has no discretion to screen his subpoena request." *Cun-
ningham v. Channer, LLC*, No. 17-CV-1305-FPG, 2018 WL 4620391, at
*3 (W.D.N.Y. Sept. 26, 2018) (citation omitted).

Thus, Tripathy may request a subpoena from the Clerk of the
Court. **But Tripathy does so at his peril:** Defendants (if they have
standing) or another party may move to quash his subpoena because
discovery has ended or for another good reason. As Tripathy should
know from his pending motion to quash, Defendants could request

attorneys' fees. Tripathy is again warned that his *pro se* status is not a shield from attorneys' fees or other sanctions in this case.

### *I grant in part Tripathy's request to compel production of ETS-related disciplinary tickets.*

Tripathy moves to compel Defendants to produce "additional details" about ETS-related disciplinary tickets issued to Gowanda inmates. (Mot. to Compel at 7, ECF No. 217.) He adds that "[t]his is also related to which inmates were directly housed with [him] (Aug 2018–Jan 2021) at Gowanda CF and their level of tobacco purchases and ETS-related disciplinary tickets (if any)." (*Id*. at 8.) I direct Defendants to produce any ETS-related disciplinary tickets for Tripathy's dorm-mates during his time at Gowanda. To the extent that Tripathy sought additional discovery with his underlying request(s) for production, I decline to compel such discovery.

### I reject Defendants' burden argument.

To begin, I find no credence to Defendants' argument that producing relevant documents would be an undue burden. After all, "a party's failure to maintain its documents in a searchable manner does not ordinarily justify its invoking what is, in effect, a self-created burden as an excuse not to produce otherwise relevant documents." *Jackson v. Monin*, No. 13-CV-00004-RJA-JJM, 2015 WL 5714243, at *5 (W.D.N.Y. Sept. 29, 2015) (quoting *Newman & Assocs. v. J.K. Harris & Co., LLC*, No. 04CIV.9264(RJH)(MHD), 2005 WL 3610140, at *1 (S.D.N.Y. Dec. 15,

2005)). DOCCS chooses to maintain an archaic filing system for disciplinary records exclusively on paper:

> DOCCS maintains disciplinary records in physical form and cannot conduct a computerized search to identify disciplinary tickets on a specific topic. Therefore, locating smoking-related disciplinary tickets would require the facility to locate, retrieve, and manually review the physical files of each incarcerated individual who resided in Gowanda during the requested period of time. This would require a physical search and review of tens of thousands of files of incarcerated individuals who were in Gowanda Correctional Facility for the period [of] 2010 to 2021. This request cannot be accommodated as such a search is impossible to conduct and unduly burdensome.

(Def.s' Responses to Pl.'s Document Requests Ex. 2 ("Domery Decl.") ¶ 3, ECF No. 202.) Defendants' argument does not persuade me.

And so, I decline to allow Defendants to escape their discovery obligations based on a self-imposed burden. DOCCS has long known about this problem and done nothing. *See, e.g., Hyatt v. Rock*, No. 915CV0089DNHDJS, 2016 WL 6820378, at *4 (N.D.N.Y. Nov. 18, 2016) ("How the facility stores or indexes its information is wholly within the control of the facility itself, and while Courts in this District have been commenting on this self-created hardship for a number of years, it does not appear that DOCCS has done anything to correct it."). Despite the considerable resources at DOCCS' disposal, that DOCCS has declined to update its record retention systems suggests that DOCCS uses its self-imposed burden to avoid production of otherwise relevant discovery. After all, nearly ten years have passed since the *Hyatt* court's observation.

14

**Tripathy's request for ETS-related disciplinary tickets, as limited, seeks relevant discovery.**

Having rejected Defendants' argument against Tripathy's motion to compel, I turn to why this discovery request is relevant and should be produced. My reasoning rests on the plain text of Fed. R. Civ. P. 26(b)(1), which permits Tripathy to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See also Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (Feldman, M.J.) ("Actions alleging violations of § 1983 require especially generous discovery.").

Recall that one of Tripathy's remaining claims is for deliberate indifference to his medical needs. ETS-related disciplinary tickets issued to Tripathy's dorm-mates would certainly tend to show that Tripathy was exposed to secondhand smoke despite his alleged health conditions. And based on the record in this case, it would violate DOCCS rules to smoke inside or near one's cell or dormmates. This certainly bears on the "truth or veracity" of Tripathy and his claims. *Simcoe v. Gray*, No. 10-CV-6531, 2012 WL 1044505, at *3 (W.D.N.Y. Mar. 28, 2012). Demonstrating that he was exposed to secondhand smoke is surely necessary for Tripathy's deliberate indifference claim.

Indeed, this District has held that prisoner grievances about specific DOCCS officers can be relevant. *See Jackson*, 2015 WL 5714243, at *5 (compelling production of grievances despite burden DOCCS would

face in locating them on paper). DOCCS-issued disciplinary tickets do not present the same concerns as grievances which are "filed according to inmates making the grievances or complaints[.]" *Id*. at *4. If courts compel production of grievances that are "similar to the constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity," it follows that I may compel production of DOCCS-issued disciplinary tickets related to ETS in this case. *Simcoe*, 2012 WL 1044505, at *3.

That said, I do not see the proportionality of forcing DOCCS and Defendants to locate and produce ETS-related disciplinary tickets for dates on which Tripathy was not housed at Gowanda. So I will not compel Defendants to produce such discovery. For the same reasons, Tripathy is not entitled to discovery of all ETS-related disciplinary tickets from his time at Gowanda. Rather, I find only that "the burden or expense of the proposed discovery" is not outweighed by "its likely benefit" with respect to ETS disciplinary tickets issued to Tripathy's dorm-mates in Dorm AN2[2] during his time at Gowanda. Fed. R. Civ. P. 26(b)(1).

---

[2] During my law clerk's conference with Tripathy and Defendants' counsel, I understand that my law clerk asked Tripathy if he could remember the names of any of his cellmates. He could not. In any event, as I found above, I decline to let DOCCS refuse to produce relevant discovery based on a self-inflicted burden. My finding applies with equal force to DOCCS' argument that it would be an undue burden to have to determine who was housed in the same dorm as Tripathy. (Nicaud Decl. ¶¶ 4–6.)

***I will not (yet) compel Defendants to produce a layout of the dorm where Tripathy was housed at Gowanda.***

Finally, I turn to Tripathy's request for the dorm layout (the "layout request") of where he resided at Gowanda. Specifically, Tripathy asks Defendants to produce:

> a schematic or layout of Dorm AN2, where Plaintiff resided. This information is crucial to assess Defendant Zagst's deposition testimony regarding officer rounds and visibility within the dorm. This will also help establish the locations inside the Dorm where exposure (Bathrooms, Shower, Dining Room, TV Room, Hallway and Stairwell) to ETS took place.

(Mot. to Compel at 8, ECF No. 217.) Tripathy appears to seek a DOCCS-generated demonstrative aid. (Letter at 2, ECF No. 193 ("Per deposition of Defendant Zagst, the Officer sat in his office and did rounds, but he concluded that the officer could not be in all places in the dorm at the same time and only did periodic rounds. It is vital to establish this with a schematic or layout (including size estimates) especially of Dorm AN2.").)

**The layout request seeks relevant discovery.**

Even if Tripathy seeks only a demonstrative, the layout request is relevant. Recall that relevance for purposes of Rule 26(b)(1) is "broadly construed." *Matalavage v. Sheriff of Niagara Cnty.*, No. 20-CV-

---

Additionally, if Tripathy and Defendants wish, they can stipulate in such a way that DOCCS does not have to review thousands of paper documents.

1254Sk(F), 2023 WL 2043865, at *9 (W.D.N.Y. Feb. 16, 2023). Relevant information for purposes of discovery includes "information [that] could reasonably lead to other information that potentially bears on 'or is germane to any issue in the case or that may become an issue[.]'" *Brennan v. Mylan Inc.*, No. 6:22-mc-06015, 2023 WL 2445344, at *2–3 (W.D.N.Y. Mar. 10, 2023) (quotation omitted).

The layout request is relevant to factual issues surrounding Tripathy's ETS-related claims. First, the layout could illustrate where other inmates smoked indoors and how correctional officers could (or could not) have seen such smoking. *See Cameron v. Menard*, No. 5:18-CV-204-GWC-KJD, 2021 WL 2805603, at *10 (D. Vt. July 6, 2021) (noting that instead of a site visit, plaintiff could "seek[] to gain a better understanding of the general layout of the area where the subject altercation and harassment occurred[]" by requesting "floorplans, photographs, or other visual representations of the relevant area"). Second, as Tripathy correctly points out, the layout request could be helpful in evaluating Sergeant Zagst's testimony at summary judgment or trial. *See Saavedra v. City of New York*, No. 19 CIV. 7491 (JPC), 2021 WL 104057, at *2 (S.D.N.Y. Jan. 12, 2021) (compelling defendants to produce disciplinary histories about "similar" acts that would "weigh on" involved officers' "credibility"). Indeed, Sergeant Zagst stated a prisoner might be able to smoke inside the dorm without a DOCCS officer noticing. (Zagst Depo.

Tr. 31:1–6, 58:1–7, ECF No. 173-1, Sept. 17, 2024.) The layout request serves to help Tripathy evaluate Zagst's testimony.

### The layout request should be considered timely.

While the relevance question is easy, Defendants urge me to deny this request because Tripathy served his request the day before discovery closed. I construe this argument as falling under Fed. R. Civ. P. 16(b)(4). I disagree.

First, Defendants did not raise this objection in responding to Tripathy's underlying discovery request. Instead, they responded with security concerns and boilerplate:

> Defendants object to the extent [that Tripathy's request] seeks information and/or documents not in Defendants' possession, control, or custody. Defendants object to this request as it is irrelevant to the issues presented in the operative complain[t]. Defendants also object to this request on security related grounds. Without waiving any general objections, Defendants submit Gomery Declaration and state that their counsel can arrange in person, in camera view of such a map.

(Def.s' Supp. Resp. to Pl.'s 1st Set of Requests for Production ¶ 4, ECF No. 202, Nov. 26, 2024.) Defendants refused to produce discovery based on security concerns and boilerplate objections, not the passage of the discovery deadline. Given Tripathy's unrepresented status, Defendants should have included this in their objections to his request. Or Defendants could have moved for a protective order. But Defendants did neither.

Second, courts generally afford *pro se* litigants "special solicitude." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). Accordingly, in addressing this motion, I will consider Tripathy's *pro se* status. "A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Thus, "*[p]ro se* litigants are afforded leniency in the context of a Rule 16(b) inquiry. *Case v. Clivilles*, No. 12-CV-8122 (TPG), 2016 WL 5818577, at *3 (S.D.N.Y. Oct. 4, 2016) (citing *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)). I acknowledge that this District has advised Tripathy about Rule 16(b)(4). *See, e.g., Tripathy*, 2024 WL 3445745, at *2; *see also Tripathy v. Schneider*, No. 21-CV-6339-FPG-MJP, 2024 WL 4528763, at *6 (W.D.N.Y. Oct. 18, 2024) ("The Court now considers Tripathy on notice that he must FOLLOW all Federal Rules of Civil Procedure and Local Rules of Civil Procedure. (emphasis removed)). Even so, I can understand why Tripathy would believe that a discovery request served the day before the discovery deadline would be timely. In these circumstances, some leeway is appropriate.

Some leeway is likewise appropriate because Tripathy tried to extend the discovery deadline before it expired. (Letter to Def. Counsel at 1, ECF No. 193, Oct. 30, 2024 ("Further, please state your position for a joint request to the Court to extend the end of discovery period to at least

January 31st, 2025 (current discovery schedule is in ECF #84).").) Trip-
athy raised the issue again in a letter to defense counsel on December 2,
2024. (ECF No. 203 ("Further, Petitioner intends to ask for the Court to
extend the end of discovery period to at February 25th, 2025 ... This is a
good-faith effort based on the Federal Rules of Civil Procedure, [and]
local rules to resolve a material discovery dispute, before a formal mo-
tion to the Court.").) It appears that Tripathy made these requests con-
sidering my earlier admonishment that he needed to discuss discovery
disputes with Defendants' counsel before proceeding to motion practice.
(*See* D&O at 20, ECF No. 182, Oct. 18, 2024.) Accordingly, I find good
cause to permit Tripathy's layout request.

### I otherwise deny Tripathy's request to extend the discovery deadline.

Within his motion to compel, Tripathy also requests that I extend
the discovery deadline generally, that is, not with respect to a particular
discovery request. (Not. of Mot. at 2, ECF No. 217 ("Plaintiff also seeks
an extension of the discovery deadline (to Feb 28th, 2025) to ensure ad-
equate time to review the requested information.").) I find only that
Tripathy's layout request should be considered timely. Tripathy has had
ample time to conduct discovery otherwise. *See Cardew v. New York
State Dep't of Corr. & Cmty. Supervision*, 743 F. Supp. 3d 523, 527
(W.D.N.Y. 2024) ("For extensions of discovery, I must consider whether
the party 'had ample time in which to pursue the discovery that it now'

seeks or 'claims is essential.'" (quoting *Burlington Coat Factory Ware-house Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985))). Accordingly, I deny Tripathy's request to extend the discovery deadline generally.

### I reserve on Defendants' objection based on security concerns, but I order an *in-camera* review and a further hearing in this case.

Next, I turn to Defendants' objections based on security concerns. Where, as here, a plaintiff sues in federal court to vindicate federal civil rights, "New York state law does not govern discoverability and confidentiality in federal civil rights actions." *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988); *see also Dorsett v. Cnty. of Nassau*, 762 F. Supp. 2d 500, 531 (E.D.N.Y.), *magistrate judge's order aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). It follows that the same is true of DOCCS policies. Thus, I should evaluate DOCCS' security concerns against the broad and permissive discovery that Rule 26(b)(1) permits.

Defendants' objection rests on the declaration of Patrick Domery, a DOCCS attorney. I find that this declaration does not overcome the relevance of Tripathy's layout request. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering … whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Domery states that his declaration relies on his knowledge of DOCCS' "rules, regulations, and Directives, and a review of records kept in the usual and ordinary course of business." (Domery Decl. ¶ 2, ECF No. 202.[3]) Domery indicates that the declaration also relies on his personal knowledge. (*Id.*) About Defendants and DOCCS' security concerns, he notes that "[a]lthough Gowanda … is currently closed for the purpose of housing incarcerated individuals, it may be repurposed in the future." (*Id.* ¶ 6.) To provide a specific reason for declining to respond to the layout request, Domery adds:

> The disclosure of [sic] Gowanda map would adversely impact DOCCS security interests by revealing sensitive and safeguarded information that is not disseminated to third parties. Dissemination of this material may allow individuals to circumvent DOCCS security procedures and response measures. This information may be used to seek and exploit perceived weaknesses in DOCCS facilities, which presents a high risk of serious physical injury, death, and endangering public safety.

Of course, this speculation assumes that Tripathy would do something improper with a layout map, like post it online.

But this layout request is a far cry from a currently incarcerated prisoner requesting the layout of the facility in which she or he is housed. Or a current or former prisoner with a history of attempts to harm DOCCS officers requesting the layout. In other words, Defendants present no *specific* danger—only conjecture. *See Cullbreath v. Griffin*,

---

[3] This declaration can be found at page 74 of ECF No. 202.

No. 17 CV 3406 (KMK) (LMS), 2018 WL 11299396, at *6 (S.D.N.Y. Mar. 1, 2018) ("A correctional facility that objects to discovery on the on the basis that disclosure of certain information would pose a risk to its institutional security or safety must substantiate that claim [with a sworn affidavit] … detailing *specific* facts supporting the alleged security risk." (emphasis added)). Mere conjecture, or other unsupported representations (for example, that the facility *may* be repurposed) are not enough. *See id.* (finding similar representations conclusory since the declarant failed to "explain how an inmate could conceivably act upon this information to circumvent security, as … claimed").

Indeed, in an unpublished bench decision, Judge Payson denied DOCCS' motion to quash a request for a similar map.[4] Judge Payson required DOCCS to produce that map, albeit with redactions for sensitive areas and to *pro bono* counsel rather than a *pro se* litigant. Her decision rested on DOCCS' failure to establish a specific security concern. So too here.

Although DOCCS' concerns are similarly attenuated and vague, I am not prepared to hold that they are totally without merit for the reasons stated below. But on the record before me, I am likewise not

---

[4] Oral Decision and Order, *Mack v. Fife*, No. 22-cv-6066-DJL-MWP (W.D.N.Y. Dec. 13, 2023) (on file). Judge Payson issued an order memorializing her oral decision the following day at ECF No. 69. I also note that motions to quash and motions to compel both hinge on the relevance standard of Fed. R. Civ. P. 26(b)(1).

prepared to deny Tripathy's layout request wholesale. Rather, I direct the parties as follows:

- DOCCS may request leave to brief the question of whether Tripathy should not have access to this layout. I note that I came close to sanctioning Tripathy under Fed. R. Civ. P. 11 for statements he has made throughout this litigation. (D&O at 14 n.2, ECF No. 182.) I have likewise questioned his ability to follow court directives. (*Id.* at 13–15.) Trial courts have discretion to permit such additional briefing, so long as both parties have the opportunity to weigh in. *See Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001) (noting that "in most cases[,] trial judges can provide parties with an adequate opportunity to respond to" or flesh out "particular arguments by ordering additional briefing").

- To move discovery to its conclusion, I direct the parties to attempt to negotiate a protective order governing Tripathy's use of such a layout and other restrictions on it. In so doing, the parties should meet-and-confer on the layout.

- Finally, I direct DOCCS or Defendants to produce a copy of the layout Tripathy seeks for *in camera* review. I will perform this review in tandem with reviewing any

25

forthcoming application from DOCCS to specify concerns about Tripathy having access to the layout.

### *I decline to award attorneys' fees.*

The Court declines to award attorneys' fees. Where, as here, the court grants in part and denies in part a motion to compel, the Court "may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Courts have "broad discretion" under Rule 37(a)(5)(C). *Uddin v. O'Brien Rest. Holding Co., LLC*, No. 16-CV-2098 (RJS), 2017 WL 11674895, at *3 (S.D.N.Y. Aug. 23, 2017) (quoting *Smith v. Conway Org., Inc.*, 154 F.R.D. 73, 78 (S.D.N.Y. 1994)); *see also Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987). Here, because both parties prevailed on significant portions of Tripathy's motion to compel, I decline to award attorneys' fees.

## CONCLUSION and ORDER

For the foregoing reasons, Tripathy's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

**The layout request.** I reserve ruling on Defendants' objections insofar as they are premised on security concerns related specifically to Tripathy having access to this layout. As discussed, Defendants may request to brief these concerns. I otherwise reject Defendants' arguments against disclosing these materials. Defendants are ordered to produce

the layout by no later than May 16, 2025, for *in camera* review. By separate text order, I will schedule a hearing on the layout request. As stated, to move discovery to its conclusion, I direct the parties to attempt to negotiate a protective order governing Tripathy's use of such a layout and other restrictions on it. In so doing, the parties should meet-and-confer on the layout.

**ETS-related disciplinary tickets.** I grant Tripathy's motion to compel insofar as it seeks ETS-related disciplinary tickets issued to his dorm-mates during his time at Gowanda. While scheduling order deadlines are stayed in this case, (Text Order, ECF No. 226, Feb. 26, 2025), I direct that responsive discovery be gathered to produce to Tripathy. I will not yet set a deadline for production of this discovery to Tripathy. Instead, I direct the parties to meet and confer about production of this discovery.

**Additional documents concerning sales of tobacco at Gowanda.** I deny in full Tripathy's request to compel additional documents concerning tobacco sales at Gowanda. I likewise deny Tripathy's alternative request for "comparable data" from other facilities.

**Additionally,** to the extent that Tripathy raises already-litigated issues (his failed RLUIPA claim) or references "K2/synthetic marijuana," I clarify that Defendants need not produce any discovery concerning these claims or topics. I reiterate that I already issued a

protective order to Defendants concerning discovery about non-tobacco smoke to which Tripathy may have been exposed. Although I decline to award attorney fees in connection with Tripathy's motion to compel, Tripathy is again warned that I will not hesitate to sanction him, which may include monetary sanctions, the loss of e-filing privileges, or even a recommendation that his case be dismissed.

**Finally,** I decline to direct the issuance of any subpoena(s) that Tripathy requested for the reasons set forth herein.

**IT IS SO ORDERED.**

Dated:    May 9, 2025
          Rochester, NY            _/s/ Mark W. Pedersen_
                                   MARK W. PEDERSEN
                                   United States Magistrate Judge