UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANJAY TRIPATHY,

          Plaintiff,

   v.

ANDREA N. SCHNEIDER, et al.,

          Defendants.

_____

21-CV-6339 FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Sanjay Tripathy has objected to Magistrate Judge Mark W. Pedersen's February 23, 2026, Text Order (ECF No. 276) pursuant to Federal Rule of Civil Procedure ("FRCP") 72(a). ECF No. 277. For the following reasons, Plaintiff's objection is OVERRULED.

## DISCUSSION

On December 30, 2024, Plaintiff filed a motion to compel, which included a request for Defendants to produce a layout of a dormitory at Gowanda Correctional Facility ("Gowanda"). ECF No. 217. On October 24, 2025, Judge Pedersen partially granted Plaintiff's motion and ordered Defendants to produce the layout after the parties signed a proposed protective order that limits Plaintiff's use of the documents to the underlying action and prohibits the documents' publication. ECF No. 266. Defendants provided a proposed protective order, which Plaintiff rejected. ECF No. 269. Instead, Plaintiff filed a motion for judicial intervention and his own proposed protective order, arguing that Defendants' proposed order was made in bad faith because it (1) extended the order to Plaintiff's non-party family members, and (2) banned Plaintiff from publishing the layout on IT platforms and electronic communication platforms. *Id.* However, Plaintiff's proposed protective order was denied by Judge Pedersen's February 23, 2026 text order,

which stated: (1) "if Plaintiff wishes to provide a photocopy of the [layout] … to a non-party assisting him in this litigation, that person must first sign a protective order and agree to be bound by its terms and to be subject to the Court's contempt powers"; and (2) "neither Plaintiff nor any other person bound by the protective order may email, upload to any electronic platform, or otherwise publish the [layout]." ECF No. 276. Plaintiff objects to this text order under FRCP 72(a). ECF No. 277.

On appeal of a Magistrate Judge's order regarding non-dispositive pretrial matters, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "An order is 'clearly erroneous' when upon review of the evidence, the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Best Payphones, Inc. v. Dobrin*, 409 F. Supp. 3d 130, 133–34 (E.D.N.Y. 2018) (quoting *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004)). "Further, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quotation marks and citation omitted). This standard is highly deferential, as Magistrate Judges are "afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *McNamee v. Clemens*, No. 9-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014). Thus, on appeal, the "party seeking to overturn a discovery ruling generally bears a heavy burden." *Com–Tech Associates v. Computer Associates Inter., Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991).

Plaintiff argues that Judge Pedersen's order is clearly erroneous for three reasons. ECF No. 277. First, Plaintiff argues that the text order implements "draconian secrecy" to Gowanda when it is an abandoned building. *Id.* at 2. Second, Plaintiff argues that the Court lacks personal jurisdiction over non-parties and has no inherent authority to subject them to contempt powers. *Id.*

at 3.  Finally, Plaintiff argues that a "blanket ban on IT platforms" conflicts with his rights as a *pro se* litigant who "requires the use of IT platforms such as opening a PDF …, using word processing software to draft a motion, or utilizing the Court's … system for required electronic filing."  *Id.* at 2–3.[1]  None of Plaintiff's arguments have merit.

First, the text order requiring the parties to keep the layout of the Gowanda dormitory confidential was not clearly erroneous or contrary to law.  Defendants submitted a declaration that explained that disseminating the layout could create significant security risks because detailed information is contained in the layout of Gowanda's facility, which shares a common structure with other DOCCS facilities and which DOCCS still uses for training purposes.  ECF No. 245 at 3–6.  Ordering the parties to keep the document confidential is not clearly erroneous or contrary to the law.  *See Lopez v. McEwan*, No. 08-CV-0678, 2010 WL 537744, at *3 (D. Conn. Feb. 12, 2010) (holding that a magistrate judge reasonably denied discovery requests for documents that "contain confidential information" because "the Department of Corrections … is likely to have a better understanding of security risks than a prisoner").

Second, because the layout is a confidential document, it was not clearly erroneous or contrary to law to mandate a non-party to whom Plaintiff shares a copy of the layout to enter into a protective order and be bound by its terms.  *See, e.g.*, *Taschler v. J.P. Morgan Chase & Co.*, No. 20-CV-02535, 2020 WL 5814236, at *6 (S.D.N.Y. Sept. 30, 2020) (entering a protective order

---

[1] In his reply, ECF No. 281, Plaintiff maintains that releasing the layout of the Gowanda dormitory does not pose security risks because the Gowanda facility is abandoned, *id.* at 2–3.  However, Plaintiff then proposes that the parties reach a middle-ground for Plaintiff to, *inter alia*, "utilize strictly local electronic storage and securely downloaded, paid for and hosted AI models" to analyze the layout.  *Id.* at 3–4.  Plaintiff also states that he has agreed to stipulate that any non-party will sign the protective order, legally binding them to its confidentiality terms and subjecting themselves to the Court's contempt powers, *id.* at 4, despite having objected to Judge Pedersen's text order that orders the same in his objections, ECF No. 277.  Apart from the argument that Gowanda is an abandoned facility, Plaintiff's remaining statements appear to be proposals to Defendant's proposed protective order.  However, at issue in this decision is Plaintiff's objection to Judge Pedersen's February 23, 2026, text order.  Therefore, the Court will not discuss these proposals.

that allows disclosure of confidential information to non-parties to whom disclosure is reasonably necessary for the litigation and who have signed an "Acknowledgment and Agreement to be Bound" in advance of such disclosure). To the extent that Plaintiff argues that the Court has no inherent authority to subject non-parties to its contempt powers, Judge Pedersen's text order specifically states that a non-party who "sign[s] a protective order … agree[s] to be bound by its terms and to be subject to the Court's contempt powers." ECF No. 276. Therefore, Plaintiff's argument that this Court has no inherent authority to subject them to contempt powers is irrelevant.

Finally, Plaintiff mischaracterizes Judge Pedersen's text order, which states only that neither Plaintiff nor any other person bound by the protective order may email, upload to any electronic platform, or otherwise publish the document. ECF No. 276. Therefore, Plaintiff is not banned from utilizing IT platforms for basic case preparation such as opening a PDF, using word processing software to draft a motion, or utilizing the Court's electronic filing system. ECF No. 277 at 2–3. As such, the Court rejects this argument.

In sum, the Court finds that Judge Pedersen's text order denying Plaintiff's proposed protective order (ECF No. 276) was not clearly erroneous or contrary to law.

### CONCLUSION

For the reasons stated herein, Plaintiff's objection (ECF No. 277) is OVERRULED.

IT IS SO ORDERED.

Dated: March 27, 2026
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

4